JOHN J. DONAHUE, CHIEF OF POLICE OF THE CITY OF
OMAHA, V. STATE OF NEBRASKA, EX REL. NEILS SEIEROE.

FILED OCTOBER 7, 1903.    No. 13,070.

**Mandamus:** DISCRETIONARY WRIT. Mandamus is a discretionary writ
and will be allowed only in furtherance of justice upon a proper
case presented. It will not be allowed where it is apparent that
it is applied for to gratify the spite of a private individual, nor
where the relator has instigated, authorized or approved the acts
complained of.

ERROR to the district court for Douglas county: IRVING
F. BAXTER, JUDGE. *Reversed.*

*W. J. Connell* and *Parke Godwin,* for plaintiff in error.

*Byron G. Burbank, contra.* .

DUFFIE, C.

This is a mandamus proceeding brought by the defend-
ant in error against the chief of police of the city of
Omaha, the purpose being to compel the chief of police to
close certain houses of prostitution in said city. The dis-
trict court awarded the writ, from which judgment the
chief has taken a writ of error. By section 170, chapter
12a, Compiled Statutes, 1901 (Annotated Statutes, 7639),
the chief of police of the city of Omaha is subject to the
orders of the mayor and board of fire and police. Being
subject to the orders of these officers by whom his appoint-
ment is made, there is no reason to suppose that he is not
entirely ready to comply with the directions of the board,
the mayor assenting thereto. Such being the case, it is
certainly a serious objection to the petition that it seeks to
deal alone with a subordinate officer and that those who
govern and control his actions are not made parties to the
suit. *Alger v. Seaver,* 138 Mass. 331.

There is another matter which in our opinion calls for a
reversal of the case. The record discloses that the houses
complained of and against which it is sought to direct the

action of the chief of police, were built by Seieroe for one Slobodisky. These houses are located in what is known as the "burnt district" of Omaha and were, according to the evidence of the petitioner, kept as houses of prostitution for from five to seven years prior to the commencement of this action. A contract existed between relator and Slobodisky, the exact terms of which do not appear, but one of its conditions was to the effect that Slobodisky was to pay the relator $250 a month until the contract price for the erection of the buildings was fully paid. Some misunderstanding or disagreement arose between the parties and one Harris was appointed to collect the rents from the buildings and divide the same between them. We copy from the relator's cross-examination:

Q. What was done with that money after Harris collected it?

A. He was to keep the money until he has a certain amount collected, then he pays it over to Slobodisky.

Q. To whom?

A. To him just the same—he pay to me.

Q. You knew where it came from?

A. Yes, from Harris.

Q. You knew where it came from?

A. I knew he got it from those houses.

Q. And those women?

A. I suppose so.

Q. You knew what the women were doing—how they earned it—you knew that?

A. Yes, sir.

While the record is not entirely clear upon the question, we are satisfied from what does appear that Slobodisky, before paying in full for the erection of these buildings, refused further payments and that, in an action brought by relator to enforce payment, judgment went for the defendant and relator was denied the assistance of the court in attempting to collect his claim. Sometime thereafter he sent a written notification to the chief of police as follows:

"I, Neils Seieroe, a resident, citizen and taxpayer of the

city of Omaha in the state of Nebraska, hereby demand that you report to the police judge of the city of Omaha, Nebraska, in writing forthwith the names of all occupants or inmates of houses of ill fame and the names of persons of either sex who derive their support from the wages of prostitution, and demand is, hereby, made upon you that you forthwith make complaint against and cause the arrest of all such without delay, said houses being situated upon lots 7 and 8 in block 70 in the city of Omaha, Nebraska, except No. 902 Capitol Avenue, and said houses are also known and designated as follows." (Here follows a description of the houses by their street number.)

In *Hale v. Risley,* 69 Mich. 596, it is said:

"Mandamus is a discretionary writ, and will be allowed only in furtherance of justice upon a proper case presented. It will not be allowed where it is apparent that it is applied for to gratify the spite of a private individual nor where the relator has instigated, authorized or approved of the act complained of."

The above we think announces a salutary rule and should be followed in this case. We are satisfied from the record before us that the relator built these houses with full knowledge of their intended use. Not only so, but his contract called for the payment of $250 a month and for a considerable time this amount was paid him with full knowledge that it was derived from prostitutes renting these houses. So long as this money was being paid him he was content to rest quietly and allow the violation of law, of which he now complains, to proceed. He made no complaint until deprived of his portion of the rents. Under these circumstances, it is clear that he occupies no position to ask the court to extend to him this high prerogative writ. We think that the court erred in awarding the writ and recommend a reversal of its judgment.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.