STATE OF NEBRASKA, EX REL. W. W. STEPHENS, ADMINISTRATOR, V. HOSMER H. HENDEE, COUNTY JUDGE.

FILED NOVEMBER 11, 1905.    No. 14,321.

Mandamus is a discretionary writ, and it is no abuse of discretion to deny the writ, where its object is to compel the transfer of a trust fund from the custody of an official whose bond is sufficient to protect it to one whose bond is not sufficient for that purpose.

ERROR to the district court for Saline county: LESLIE G. HURD, JUDGE.    *Affirmed.*

*R. M. Proudfit, F. I. Foss* and *R. D. Brown,* for plaintiff in error.

*A. S. Sands* and *Hall, Woods & Pound, contra.*

ALBERT, C.

About the 10th of January, 1905, one George Smith, who had been living alone on his farm in Saline county, was found dead in his house. The coroner took possession of

the body and personal effects of the deceased. Among his personal effects were $52.85 in cash, and a certificate of deposit for $3,300 issued to him by the First National Bank of Friend. The coroner turned the personal effects over to the county judge of the county, who is the respondent in this proceeding. The following month, W. W. Stephens, the relator, was duly appointed administrator of the estate of the deceased, giving a bond which was fixed at $500 and duly approved. On the same day he accompanied the county judge to the bank which had issued the certificate of deposit, and, for some reason which is not very clear, both he and the county judge indorsed the certificate in their respective official capacities, and the proceeds were placed to the credit of the county judge. Afterwards the relator came to the conclusion that he was entitled to the custody of the assets of the estate, and made a demand in writing on the county judge that all funds in possession of the latter be turned over to him. This demand was accompanied by an administrator's bond, signed by the relator and certain sureties, conditioned according to law. Both writings were delivered to the county judge, who refused to comply with the demand. The bond has not been approved, although its sufficiency is not called in question. Thereupon the relator applied to the district court for a writ of mandamus commanding the respondent to pay over the money in question, with interest. The district court denied the writ, and the cause is now here on error.

The application is grounded on the proposition that the county judge holds the money in his official capacity. Whether that proposition is sound is a question which would admit of some argument, and one upon which we do not undertake to pass, because, assuming the proposition to be true, we think the writ was properly denied. The writ of mandamus is a discretionary writ. *Moores v. State,* 71 Neb. 522; *Donahue v. State,* 70 Neb. 72; *Van Akin v. Dunn,* 117 Mich. 421; *People v. Jeroloman,* 139 N. Y. 14. In the last case the court said:

"A mandamus is only granted in the sound discretion

of the court. This discretion is not, of course, a capricious or arbitrary exercise of the power of the court to refuse relief even in a proper case. Where, however, it appears that with reference to the very question at issue the conduct of the party applying for the writ has been such as to render it inequitable to grant him relief by mandamus, the court may, in the exercise of its discretion, refuse the writ."

In the case at bar, the relator is an administrator acting under a $500 bond, and seeks to compel the respondent to turn over to him as such administrator almost $3,500, which he insists the respondent holds in his official capacity as county judge. If the latter thus holds the money, it is protected by his official bond, and, whatever the technical right of the relator to the possession of the money, a writ of mandamus should not issue to compel a transfer thereof from one whose official bond is presumably sufficient to protect it to one whose bond is obviously inadequate.

It is true that before this proceeding was instituted the relator tendered an additional bond in the sum of $7,000 and the sufficiency of the sureties thereto are not questioned. But the law contemplates a judicial order fixing the amount of the bond in such cases, and the approval thereof by the county judge. There appears no order fixing the amount of an additional bond, nor does it appear that there was any order made requiring an additional bond. The additional bond has not been approved, nor does it seem that any demand has been made that it be approved. The present proceeding is brought, not to require the county court to fix the amount of an additional bond, or to approve the bond tendered, but to compel the county judge to pay over the funds.

We are satisfied that the writ was properly denied, and we recommend that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

57

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.