ELEAZER D. PEDEN, APPELLEE, V. PLATTE VALLEY FARM & CATTLE COMPANY, APPELLANT.

FILED FEBRUARY 11, 1913. No. 16,900.

1. **Waters:** IRRIGATION: WATER CONTRACTS: BREACH: LIABILITY. If a corporation engaged in the business of supplying individuals with water for the irrigation of arid or semiarid lands unlawfully and arbitrarily prevents the holder of one of its water contracts from using water for the irrigation of his growing crops, it is liable to the individual in damages.

2. ———: ———: ———: ———: MEASURE OF DAMAGES. In such a case the measure of damages is the value to plaintiff of the

use of said right during the time he is deprived thereof, and it is not error to instruct the jury that the measure of plaintiff's recovery is the value of the crop at the time the water was shut out of said canal, with the right to irrigate it from that time to the end of the irrigation season, less the value of the crop without the right to irrigate it from that time until the end of the season. *Clague v. Tri-State Land Co.*, 84 Neb. 499.

3. **Trial: Verdict: Instructions.** Where it appears from a consideration of all of the evidence that the jury could have properly rendered the verdict of which complaint is made by following the instructions, an assignment of error "that the jury disregarded the instructions of the trial court" is not available as a cause for reversing the judgment rendered on the verdict.

4. **Evidence** examined, and found sufficient to sustain the judgment.

Appeal from the district court for Dawson county: Bruno O. Hostetler, Judge. *Affirmed.*

*H. D. Rhea* and *E. A. Cook,* for appellant.

*H. M. Sinclair, W. D. Oldham* and *W. A. Stewart, contra.*

Barnes, J.

Action for damages against an irrigation company by the owner of certain water rights for failure to furnish water during the irrigation season of 1907 and 1908. The petition contained nine counts or causes of action. The jury found for the plaintiff on three counts for damages to his crops in the year 1907, and for the defendant as to all of the other causes of action set forth in plaintiff's petition. From a judgment rendered upon the verdict, the defendant has appealed.

The three causes of action involved in this appeal are: First, for damages to 40 acres of oats, corn and alfalfa; second, for damages to 80 acres of corn; third, for damages to 10 acres of corn and 30 acres of alfalfa.

Appellant contends that the verdict is not sustained by the evidence, and argues that, to entitle the plaintiff to a verdict on the causes of action on which he recovered, it was incumbent upon him, not only to show a demand

for water after the payment of the annual maintenance fee according to the contract, but also to show that there was water in the Platte river which the defendant could get into its ditch in sufficient quantity to carry to the land of the plaintiff in 1907, and that his crops were damaged by reason of the failure of defendant to furnish him his share of the water flowing in the ditch. The water-right deeds in question provide that the irrigation company sells, assigns, transfers and conveys "the right to receive and use water from the canal of the said party of the first part, in an amount not exceeding one cubic foot of water per second of time for each 80 acres of the land hereinafter described; * * * provided, and so long as the said party of the second part, his heirs and assigns shall pay to the party of the first part, its successors or assigns, annually in advance, on or before the first day of October in each year, the sum of $40, in addition to the consideration above expressed, for the use of said water." The deed further contains the provision that if the grantee fails to remit the annual payments at the time they become due and payable, and such default continues for two years, the conveyance shall become null and void, and the rights of the grantee shall cease and determine. It is further provided that "the said party of the first part shall have the right, upon the failure of the party of the second part to pay the rent hereby reserved, or to comply with any of the stipulations herein contained, to immediately, or at any time during such default, refuse and cease to supply any water under this agreement."

It appears that the court instructed the jury that the provision of the contract for payment on October 1, annually, in advance, means "at the beginning of the year October 1, and before the water season begins." The jury were further instructed that, under the statutes, the water season continues from April 15 to November 1. The proof shows that the plaintiff paid the annual maintenance charge on July 26, 1907, and that defendant made no complaint as to that matter, and at no time refused to

furnish plaintiff water for the reason that payment was not made at an earlier date. The thirteenth instruction reads as follows: "You are instructed that under no circumstances under the contracts in this case can you allow plaintiff damages, if any, to his crops for failure of defendant, if any, to furnish water prior to the time plaintiff paid his water rental for the current year and demanded water." Defendant contends that the jury disregarded and failed to follow this instruction, and while appellant must necessarily concede that the instruction, if erroneous, was prejudicial to the rights of the plaintiff and not those of the defendant, still it is insisted that the refusal or failure of the jury to follow this instruction entitles the appellant to a reversal of the judgment. It is argued that the plaintiff was not entitled to demand or receive water from the defendant until July 26, 1907, for the reason that up to that time he had not paid his water rental for that year; that plaintiff's crop of oats was either ripe and ready for harvest at that time, or had in fact been harvested, and therefore the jury could allow him no damages to that crop, and therefore the jury must have disregarded the instruction above mentioned.

It appears, however, that the plaintiff had planted and cultivated 40 acres of corn upon one tract of his land, as well as 40 acres of oats; that he claimed damages to those crops to the amount of $2,000. The testimony shows conclusively that plaintiff's corn, if irrigated, would have produced from 40 to 60 bushels an acre. While, in fact, for that year he was only able to produce 15 bushels an acre, thus making a difference of 25 bushels an acre in the production for that year, or a total difference of corn production of 1,000 bushels. The testimony discloses that corn in that year was worth 40 cents a bushel, making a loss of corn upon that tract of land of $400. Upon that cause of action the jury awarded him only $316.80. In view of this situation, it seems clear that the jury allowed the defendant no damages whatever for his oat crop. It further appears that plaintiff had also planted 80 acres of

**corn** upon another tract of land, for which he claimed damages to the amount of $1,600. The testimony as to that 80 acres is practically the same as to the amount of corn produced per acre, and the amount which plaintiff could have produced if his corn had been irrigated. On this cause of action the jury assessed his damages at the sum of $408.

The fifth cause of action was for damages to 10 acres of corn and 30 acres of alfalfa, amounting to $500. The jury assessed plaintiff's damages upon that cause of action at the sum of $135.60.

In view of this situation, we are unable to say that the jury disregarded the instruction in question. On the other hand, they might have followed it literally, and still have found, upon a consideration of all of the evidence, that his damages, to the full amount allowed plaintiff, were in fact sustained by him after he paid the annual maintenance tax and demanded water, as shown by the testimony. We are therefore of opinion that the defendant's contention that, where the jury disregards the court's instructions, a reversal of the judgment is required, has no application to the facts of this case, for it may reasonably be said that the jury followed the instruction, and at the same time arrived at a correct and just verdict.

It appears that the court further instructed the jury, in substance, that they should allow the plaintiff damages in the sum that water, according to the contract, would add to the crop of the plaintiff between the time of the payment of the fee and demand for water to the end of the irrigating season. The appellant contends that this instruction was unnecessary, and does not present a true rule, and has no application to the evidence. We think what we have already said on this question disposes of this contention.

Coming now to the evidence: It seems to establish clearly that the plaintiff was not furnished the amount of water which his contract called for, and had from time to time asked defendant for water. The plaintiff so testified,

and his evidence was not directly disputed. The court also instructed the jury that if the plaintiff established the facts that he planted the crops as alleged, had kept his laterals in proper condition, had demanded water during the irrigating season, had paid the annual rental at the time he made demand, and that thereafter the defendant negligently refused to furnish water, as provided in the contract, and that because of such failure plaintiff sus- tained injury and damage to his crops, he would be en- titled to damages accordingly after demand and a payment of rental; that the statutes provide that the water season for irrigating shall continue from April 15 to November 1; that under no circumstances, under the contracts in. this case, could plaintiff be allowed damages for a failure to furnish water prior to the time he paid his water rental for the current year and demanded water; that the con- tracts provide for the payment of the rentals in advance on the 1st day of October of each year; that the term "in advance" means at the beginning of the year, October 1, and before the water season begins; that after the time the rentals are paid the defendant had no right to refuse water; that, under the contract, if there was a deficiency of water in the canal, for some cause beyond the control of defendant, or a deficiency in the source of supply, and if the water was distributed *pro rata,* then the defendant would not be liable; that if they found for the plaintiff they should allow him the net value of the crop at the time he failed to get water according to his contract, if he did so fail to get water, with the right to irrigate it from that time to the end of the season, less the net value of the crops, without the right to irrigate, according to his con- tract, from that time to the end of the season.

Appellant contends that these instructions relating to the measure of damages are prejudicially erroneous, and do not state the true measure of damages. It is apparent from the record that the trial court endeavored to, and did substantially, follow the rule announced in *Clague v. Tri- State Land Co.,* 84 Neb. 499. In that case it was said:

"If a corporation engaged in the business of supplying individuals with water for the irrigation of arid or semiarid lands unlawfully and arbitrarily prevents the holder of one of its water contracts from using water for the irrigation of a field of growing potatoes, it is liable to the individual in damages. In such a case the measure of damages is the value to plaintiff of the use of said right during the time he is deprived thereof, and it is not error to instruct the jury that the measure of plaintiff's recovery 'is the value of the crop at the time the water was shut out of said canal, with the right to irrigate it from that time on to the end of the season, less the value of the crop without the right to irrigate it from that time until the end of the season.' " As we view the instructions, they substantially follow this rule, and none of the rights of the defendant were prejudiced thereby.

Mention is made of *Wade v. Belmont Irrigating Canal & Water Power Co.*, 87 Neb. 732. It appears that there are two substantial reasons why the rule announced in that case has no application to the case at bar. In that case there were no crops, and no damages were claimed for the loss of crops, while in the case at bar the testimony discloses that plaintiff had planted the crops, as alleged by him, and that they were in a proper state of cultivation and in good condition up to the time when he was refused water under his contracts. From what we have said, appellant's contention that the verdict is not sustained by the evidence must fail.

As we view the record, defendant has failed to show any error prejudicial to its rights; and, while it may be conceded that in some respects the instructions were erroneous, still, upon a consideration of the entire record, we are satisfied that the case is one for the application of section 145 of the code, which provides: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party; and no judg-

ment shall be reversed or affected by reason of such error or defect."

For the foregoing reasons, the judgment of the district court is

AFFIRMED.