CHARLES O. WHEDON, APPELLANT, V. HARRY E. WELLS,
COUNTY CLERK, ET AL., APPELLEES.

FILED MARCH 13, 1914. No. 17,626.

1. **Appeal: ISSUES: HARMLESS ERROR.** To allow the answer of a mere
volunteer to remain on the files, and the overruling of a de-
murrer to such an answer, if erroneous, is error without prejudice,
where only the issues raised by the answer of the real defendant
are litigated on the trial of the action.

2. **Constitutional Law: GENERAL AND SPECIAL STATUTES: SANITARY DIS-
TRICTS.** Chapter 36, laws 1891, entitled "An act to provide for
the organization of sanitary districts, and to define their powers,"
does not violate that section of the constitution which provides
that "no corporation shall be created by special law, * * *
but the legislature shall provide by general laws for the organiza-
tion of all corporations hereafter to be created." Const., art.
XIb, sec. 1.

3. ——: ——: ——. The act in question is general in its
nature, is cocplete in itself, and applies to all municipal cor-
porations similarly situated. It neither amends nor purports
to amend any other legislative act.

4. **Sanitary Districts: OFFICERS: POWERS: TAX LEVY: INJUNCTION.** The
law does not require the officers of a sanitary district to give
notice of the levying of a tax which is within their power to
levy. If they exceed their power they may be enjoined. They
have nothing to do with valuing property for assessment. Errors
of assessment are to be corrected by the board of equalization.

5. ——: CREATION: ESTOPPEL. The vote of the electors creating a
sanitary district concludes the taxpayers residing therein as to
the necessity for the creation of the district, and the benefits to
be derived from the construction of the improvements for which
it was organized.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*C. Petrus Peterson,* for appellant.

*Frank J. Kelly* and *Field, Ricketts & Ricketts, contra.*

BARNES, J.

In August, 1911, Charles O. Whedon, who in his lifetime owned certain taxable real estate and personal property situated in the city of Lincoln, commenced this action on his own behalf, and for all others similarly situated, against Harry E. Wells, clerk, and William McLaughlin, treasurer, of Lancaster county, Nebraska, Sanitary District No. 1 of the city of Lincoln, and Kent D. Cunningham, W. J. Blystone and S. B. Hohman, the trustees of said sanitary district, to enjoin the clerk from extending a levy of three mills on the dollar of the valuation of the plaintiff's taxable property on the tax lists of said county; to enjoin the treasurer and his successors in office from collecting said tax, and the sanitary district and its trustees from expending any of said three-mill levy, and for general equitable relief.

To his petition the trustees of the sanitary district and the defendants Wells and McLaughlin filed an answer putting in issue the allegations thereof. There was filed an answer of one Clell D. Campbell, who had a contract with the sanitary district for the excavation of a new channel for Oak creek. There was also filed an answer of Abel & Roberts, a copartnership, doing business at Lincoln, Nebraska, and who had a contract with the sanitary district to construct certain drains and conduits for the purpose of carrying off the stagnant waters of Antelope creek.

The plaintiff filed a motion to strike the answers of the contractors from the files, for the reason that they had no right to appear in the case, except by petitions of intervention. The motions were overruled, and thereupon plaintiff demurred to those answers. His demurrers were overruled, and the plaintiff excepted. Without waiving his objections, plaintiff filed a reply, and a reply to the answer of defendants Wells and McLaughlin, the Sanitary District and its trustees, was also filed. On the issues thus formed there was a trial to the district court for Lancaster county, which resulted in a finding for the defendants, a judgment dismissing plaintiff's action was rendered, and thereupon the case was brought to this court

by appeal. After the appeal was perfected, plaintiff died, and the action was revived in favor of the representatives of his estate.

It is contended by appellant that the district court erred in refusing to strike the answers of the contractors from the files, and in overruling his demurrer to said answers. This assignment of error is argued at considerable length in the appellant's brief. But, as we view this question, the rulings of the district court, if erroneous, constituted error without prejudice.

The issues litigated were presented by the answer of defendants Wells, McLaughlin, and the Sanitary District and its trustees, and the cause was tried upon those issues. The fact that the answers of the contractors remained on file, and the plaintiff's demurrers to those answers were overruled, did not affect the trial, or the findings or the judgment of the district court upon the merits of the controversy.

The appellant also contends that the act under which the sanitary district in question was created is unconstitutional because section 1, art. XI*b* of the constitution of 1875, provides that: "no corporation shall be created by special law, * * * but the legislature shall provide by general laws for the organization of all corporations hereafter to be created."

The act in question provides that, upon the petition of 100 legal voters, freeholders, resident within the proposed limits of the sanitary district, containing a definite description of the territory intended to be embraced in such district, the county commissioners shall give notice for 20 days prior to the time and place where the petition shall be heard, at which time the board shall meet, and all persons in such proposed sanitary district shall have opportunity to be heard touching the location and boundary of the proposed district, and thereupon the board shall by an order determine the boundaries of such district, whether described in the petition or otherwise. It further provides that after the determination by the county board, or a majority of them, they shall call a special elec-

tion and submit to the legal voters of the proposed sanitary district the question of the organization of such district, and notice shall be given of the election 20 days prior thereto; that at such election each legal voter resident within the proposed sanitary district shall have the right to cast a ballot with the words thereon, "For Sanitary District," or, "Against Sanitary District," and, if a majority of the votes cast be in favor of the proposed district, such district shall be deemed an organized sanitary district.

It is further provided that an election shall be called for the election of three trustees, and that, after such trustees shall be chosen, "such district shall be a body corporate and politic by name of sanitary district of ——, with power to sue, be sued, contract, acquire and hold property and adopt a common seal."

Provision is also made for the election of a member of the board of trustees as president of that body, and a clerk who may receive not to exceed $300 a year for his services, and power is given the board to "pass all necessary ordinances, orders, rules and regulations for the necessary conduct of their business, and for carrying into effect the objects for which such sanitary district is formed."

It is apparent from these provisions that the legislature did not, by special law, create the corporation. On the contrary, the corporation is created by the action of the voters under the provisions of the act, which is general in its nature, and applies to all municipal corporations of the state similarly situated.

In *Neal v. Vansickle*, 72 Neb. 105, it was held that the legislature may provide for the creation of drainage or reclamation of large swamp, or overflowed, or submerged lands by the creation of local administrative organizations or political corporations. To the same effect is *Campbell v. Youngson*, 80 Neb. 322, *State v. Hanson*, 80 Neb. 724. We think, therefore, that this contention of appellant must fail.

It is further contended that the act in question is also unconstitutional because it is amendatory of the act of February 28, 1881 (laws 1881, ch. 51) entitled "An act to provide for draining marsh or swamp lands in the state of Nebraska, and to repeal an act entitled 'An act to drain marsh or swamp lands,' passed March 3, 1873, which took effect June 1, 1873;" and is now article I, ch. 89, Comp. St. 1909.

The act here in question was passed by the legislature of 1891, as chapter 36 of the laws of that session, under the following title: "An act to provide for the organization of sanitary districts, and to define their powers." Laws 1891, ch. 36. The act is complete in itself. It relates to a different subject from the one providing for drainage and drainage districts, and authorizes the organization of sanitary districts alone. The trustees of the sanitary district are given power to provide for the construction of channels, drains or ditches for carrying off and discharging the sewage of the district. The purpose of the act is to improve sanitary conditions, and the construction of drains and ditches is only incidental to the main purpose. The act neither amends nor purports to amend any existing law, and therefore this contention cannot be sustained.

Appellant further contends that the act in question is unconstitutional in this, that when the trustees have determined the rate of taxation no method is provided by which the taxpayer can contest the tax; that the act provides for no appeal from the decision of the trustees; and therefore it takes the property of the taxpayer without due process of law. It must be observed that the act provides that the valuation fixed by the county board of equalization shall be taken as the valuation on which the tax levy shall be based. It therefore follows that the taxpayer can appear before that board and contest the question of the valuation of his property for the purpose of taxation, and an appeal from the order of the board of equalization, for which the law provides, is all the law requires. We find no authority for a taxpayer to con-

test the levy as fixed by the power which determines that question. In case the levy is unreasonable and exceeds the rate fixed by the statutes or the constitution, the person desiring to object thereto is required in most cases to resort to a suit in equity for relief.

Finally, it is contended that appellant's property is so situated that it is not benefited by the improvement, and therefore ought not to be taxed for that purpose. On that question the record discloses that the sanitary district was properly created, and includes within its boundaries the property of appellant. It is true that the appellant's lots are situated upon high ground between Antelope creek and Salt creek, within the city limits, and the purpose of the organization of the sanitary district was to provide for the better disposal of the sewage of the city. It was also the purpose for which the district was formed to straighten the channels of the several streams that empty into Salt creek in the western part of the city of Lincoln, and provide for a better fall in said streams, thus preventing the accumulation of stagnant water, which might endanger the health of the inhabitants of the city.

It appears that Antelope creek, which is situated east of appellant's property, was a sluggish stream, except in times of high water, containing many pools that were stagnant, and into which much of the garbage of the city was thrown; and the purpose of the trustees was also to straighten the channel of that stream, and construct conduits which would cause a rapid flow of its waters into Salt creek, and thus cleanse the stream and render its condition more sanitary.

It appears from the record that the work for which the district was formed has been nearly completed, at a great expense, and has materially improved the sanitary conditions of the city. It must be remembered that the sanitary district was formed by the voters of which the appellant was one, and the determination of the necessity for the creation of the district and the improvements since carried out was settled by the vote of the district, and the appellant was concluded thereby.

A careful examination of the record satisfies us that the act in question is constitutional; that no substantial rights of the appellant have been invaded, and a court of equity can afford him no relief. The judgment of the district court is therefore

AFFIRMED.