WILSON SIX, APPELLEE, v. BRIDGEPORT IRRIGATION DISTRICT, APPELLANT.

FILED NOVEMBER 10, 1920. No. 20698.

1. **Waters:** IRRIGATION DISTRICT: REPAIRS: NOTICE.. In an action against an irrigation district for failure to deliver water, by reason of negligently failing to repair a washout in a flume used for diverting water to the ditch, the written notice, required by section 3526, Rev. St. 1913, is filed in time, if filed within 30 days. from the time the district has had reasonable opportunity of making repair and negligently fails to do so, or, without reasonable excuse, signifies that the repair will not be made.

2. **Pleading:** AMENDMENT OF PETITION: WAIVER. Where, during the trial, the court permits amendment of the petition to show the giving of such written notice, and the defendant then files an amended answer to the petition as amended, and the trial proceeds upon the theory presented by the amended pleadings, the defendant cannot later complain of the amendment of the petition.

3. **Evidence** examined, and *held* sufficient to support the verdict.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Leslie G. Hurd* and *F. E. Williams,* for appellant.

*C. G. Perry, contra.*

FLANSBURG, J.

Action by plaintiff against the Bridgeport Irrigation District to recover damages for alleged negligent failure, on the part of defendant irrigation district, to furnish plaintiff water for the irrigation of his crops under the district ditch. Plaintiff recovered damages, and defendant appeals.

Plaintiff had planted a crop of corn and potatoes, and during the month of July, 1916, received little or no water through his lateral. He claims that during this time defendant negligently failed to deliver the water. Defendant, on the other hand, contends that plaintiff's lateral

allowed so much seepage that it was incapable of carrying water to his land, though the defendant claims his full quota was delivered to him at the intake. Negligent acts, if any, in the matter just mentioned are not, however, now in the case, and consideration thereof was taken from the jury by the court's instructions, for the reason that written notice had not been given to the district by the plaintiff, within 30 days of the happening of the alleged negligent acts, calling attention to the negligent acts complained of and giving notice that plaintiff intended to hold the defendant liable for them.

The statute (Rev. St. 1913, sec. 3526) provides: "Such districts shall not be liable as herein provided, unless the party suffering such damage by reason of such negligence or failure shall, within thirty days after such negligent acts are committed, or such districts shall fail to deliver water, serve a notice in writing on the chairman of the board of directors of such district, setting forth particularly the acts committed or the omissions of duties to be performed on the part of the district, which it is claimed constitute such negligence or omission, and that he expects to hold such district liable for whatever damages may result."

On August 4, 1916, the flume, by which water was diverted from Cedar creek to one of the ditches of defendant company, was partly washed out, so that a 12-foot gap was left between the flume and the bank. This ditch formerly carried water to several landowners, and was the ditch from which the plaintiff's lateral was constructed. There was evidence to show that the ditch officers were contemplating the construction of a concrete flume in the place of this one, but that not until August 9 did they decide that they would not fill in the gap with earth work, nor repair the damaged flume. The result was that the flume was not repaired and no water furnished during the remainder of the season. On September 6, following, plaintiff filed his written notice, in pursuance of the statutory requirement.

The written complaint and the present cause of action are based upon the negligent failure of the defendant to repair the flume and furnish water to the plaintiff. Testimony in behalf of plaintiff showed the condition of his crops at the time immediately after the washout, and what crops he would reasonably be expected to receive if water had thereafter been delivered to him. It was also shown what crops he actually did receive and their value.

The plaintiff's petition, as originally filed, did not allege the giving of the statutory notice. During the trial, however, the court allowed amendment of the petition to show that fact. After the amendment was made, defendant filed an amended answer, and the trial proceeded upon the amended pleadings. The case was tried upon the theory presented by those pleadings, and the defendant is now in no position to complain.

The defendant contends that it appears that the statutory notice was filed more than 30 days from the time of the negligent acts complained of. It is true the flume washed out on August 4. But the defendant had a reasonable time thereafter in which to act and make the necessary repairs, and it was not until August 9 that it decided that the repairs would not be made, and that it would wait until it could conveniently construct a new concrete flume. It cannot be said, under such circumstances, that the alleged negligent act of defendant in failing to repair was, as a matter of law, entirely complete more than 30 days prior to the filing of the notice on September 6. That question the jury has resolved in favor of the plaintiff.

The defendant complains that the evidence is insufficient to support the instruction on the measure of damages. The court instructed that the measure of plaintiff's damage was the value of the crops at the time the water was shut off from his land, with the right to irrigate from that time on to the end of the season, less the value of the crops, without the right to irrigate from that time on. Defendant complains that, though the plaintiff

introduced evidence to show the value of the crops, with the right to irrigate, no questions were put to his witnesses asking what the value of the crops was without the right to irrigate, and considering that the crops should be allowed to mature without irrigation. It is true that such specific questions were not put, but, on the other hand, the then present value of the crops was shown, and also the value of the crops which were later, without any irrigating, actually received from the land. It appears that about 11 bushels an acre of potatoes were actually received, and, from various estimates, that from 100 to 200 bushels would reasonably have been expected, had the crop been irrigated. The corn, without irrigating, produced only a crop of fodder, and its value was proved.

The defendant complains that the evidence shows plaintiff's ditch was insufficient to carry the water from the ditch to his land, by reason of allowing too much seepage. However, that was a question of fact properly presented to the jury under the court's instructions, and upon which the evidence is sufficient to support a finding that the plaintiff could have taken and received the water, had the opportunity been afforded him.

We are of opinion that the verdict is supported by the evidence, and we find no error on the part of the trial court in any of the matters complained of by defendant.

AFFIRMED.