OMAHA LIFE INSURANCE COMPANY, APPELLANT, v. GERING & FT. LARAMIE IRRIGATION DISTRICT, APPELLEE.

FILED SEPTEMBER 23, 1932. No. 28246.

*Raymond & Fitzgerald,* for appellant.

*Mothersead & York,* contra.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and HASTINGS, District Judge.

DAY, J.

The plaintiff, as owner of land within the irrigation district, seeks to recover damages for seepage to his land. At the close of plaintiff's testimony, the trial court sustained defendant's motion to direct a verdict in its favor.

(761)

From a judgment entered upon the directed verdict, plaintiff appeals to this court.

The plaintiff alleges that its land was seeped by the water from the defendant district due to the negligence of the defendant. It is also sought to recover under section 21, art. I of the Constitution, which requires payment for property damaged for public use. There is a statutory provision which requires an irrigation district to drain seeped lands within its district. Section 46-132, Comp. St. 1929, is, as far as applicable: "Any irrigation district * * * shall have the power to and it shall be its duty to provide for the proper drainage of any and all lands embraced within its limits which are or have been subirrigated by reason of the lawful use of water from its canal by the owner or lessee of the lands sub-irrigated or from any cause not the fault or by the consent of such owner or lessee." The right to drainage provided by this statute is in the nature of a contractual right arising by operation of law. It is not based upon negligence, and the question of the damage to property for public use without just compensation is not involved. In effect, the parties organizing the district engaged in the common enterprise of conducting water through ditch for delivery to the various landowners of the district for irrigation purposes. In addition to the delivery of water, another purpose and duty of the organization is to drain all land within the district seeped or subirrigated by reason of the lawful use of water or by leakage from any canal of the district. In other words, the landowners of the district collectively through the organization of a district have agreed to drain the land of any one in the district which may become seeped. At the time of the organization of the district or at the time of the construction of the works, it is impossible to determine which lands may be seeped, although it seems to be certain that some will become wet. It is usually not until the irrigation system has been in operation for some time that the water table under the ground is raised sufficiently to

seep some of the land. In turn, the individual landowner by participating in the organization is bound to accept the provision made for him by statute. In this case, the records of the department of public works of the state, of which we take judicial notice, show that the then owner of the land involved in this suit signed the petition for the organization of this irrigation district. Therefore, the owner of the land, having entered into a contractual relation which provides for drainage, he is bound to the terms of that contract, and he may require the district to drain his lands upon demand. Having in mind this contractual relationship between the individual landowner and the district, this court has said that the remedy provided by section 46-132, Comp. St. 1929, for the drainage of lands within an irrigation district is exclusive. *State v. Farmers Irrigation District,* 116 Neb. 373; *Spurrier v. Mitchell Irrigation District,* 119 Neb. 401; *Livanis v. Northport Irrigation District,* 121 Neb. 777. Therefore, the court properly instructed the jury to return a verdict for the defendant.

It is unnecessary to decide here as to the liability of a district for damages resulting from its failure to perform its statutory duty to drain all lands in the district, because the evidence establishes that the land was not seeped until 1929, and thereafter the defendant district has made or is making an attempt to drain. A decision upon this point will be required when and if a case is presented wherein the district has refused or neglected to take proper action upon demand.

The plaintiff claims the right to recover under section 21, art. I of the Constitution, which provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." The public use involved herein is the carrying of water through the canals, ditches, and laterals for delivery to the landowner for whose benefit the water was appropriated. In this function, it partakes somewhat of the nature of a common carrier. *McCook Irrigation & Water Power Co. v.*

*Burtless*, 98 Neb. 141. Failure to perform its duty creates a liability for resulting damages. *Meier v. Bridgeport Irrigation District*, 113 Neb. 344; *Clague v. Tri-State Land Co.*, 84 Neb. 499; *Wade v. Belmont Irrigating Canal & Water Power Co.*, 87 Neb. 732; *Six v. Bridgeport Irrigation District*, 105 Neb. 254; *Peden v. Platte Valley Farm & Cattle Co.*, 93 Neb. 141. Upon delivery to the landowner, its duty and control of the water is ended. The evidence in this case is that much of the damage was caused by the application of water to the land by the plaintiff itself. Some of it was caused by the irrigation of other land within the district.

The use of the water, after delivery, was a matter over which the district had no control. The district is not liable for damages for negligence resulting from a use of the water for irrigation, which use is not subject to its control. This is true whether the damage was caused by the use of water by the plaintiff herein or by other irrigators. Therefore, the only liability of an irrigation district to a landowner within the district, either under the constitutional provision or on account of negligence, would be for seepage caused by the leakage from the canals, ditches, or laterals of the district, which are built by and operated under the control of the district.

The owner of the land involved in this case, by petitioning for the organization of the irrigation district, waived the right to damages to his land by reason of seepage. When the district was organized, its rights, duties, powers, and liabilities were fixed by statute. Section 46-132, Comp. St. 1929, became a part of the contractual relationship of the parties. A petition for a public improvement does not of itself amount to a waiver of compensation for property taken or damaged; but where, as in this case, the owner of the property petitioned for the organization of the irrigation district, such as was authorized by law, he accepted the remedies provided by statute for any resulting damage. It was such an unequivocal act as is required to waive his right to

any other remedy. *Hogsett v. Harlan County*, 4 Neb. (Unof.) 310; *Hodges v. Board of Supervisors of Seward County*, 49 Neb. 666; *Propst v. Cass County*, 51 Neb. 736; *Lewis v. City of Lincoln*, 55 Neb. 1. See Nichols, Eminent Domain (2d ed.) p. 1273.

Even though the plaintiff had neither contracted for the remedy nor waived its right, if any, to recover under the Constitution, the evidence in this case is not sufficient to support a verdict, whether the cause of action alleges a right *ex contractu* or *ex delicto*. The only evidence in this case that any water seeps from the canal and laterals causing the damage herein is of an expert witness who gives opinion evidence. He testifies that in his opinion the leakage from the ditch contributes to the damage, although he is also of the opinion that the irrigation of land in the district contributes most of the seepage. On cross-examination, he points out a single place in the district's canal where water might leak because the ditch is not properly lined, but there were "no holes or cracks—well, fine cracks, but that occurs all over the ditch." And again: "Well, I saw no place where water was escaping, but I saw places where in my opinion water could escape, but not in large quantities."

The evidence is insufficient to establish that the leakage from the works of the irrigation district contributed to the seepage and consequent damage or increased in any manner the seepage, independent of the other contributing factors—rainfall and the irrigation of lands within the district. It is unnecssary to submit a case to the jury unless there is sufficient evidence to support a verdict. *Anderson v. Chicago, B. & Q. R. Co.*, 84 Neb. 311; *Sattler v. Chicago, R. I. & P. R. Co.*, 71 Neb. 213.

Finally, in view of the conclusions reached, it seems unnecessary to determine the relationship between the district and the federal government with respect to the irrigation works. In *Livanis v. Northport Irrigation District*, 121 Neb. 777, we construed a similar, though slightly different, contract to the effect that the district was

the fiscal agent for the United States, the owner, builder, and operator of the irrigation works, and that the district was not liable either for the negligence or the damaging of property for public use by the federal government in the construction, maintenance, and operation of the works. Since there could be no recovery from the district in this case, even if the district owned and operated the canal, it is unnecessary to construe the contract here.

The judgment of the district court is the proper one.

AFFIRMED.