STATE OF NEBRASKA EX REL. VERNON NEWBOLD,
SHERIFF OF BUFFALO COUNTY, NEBRASKA, APPELLANT, V.
COUNTY OF BUFFALO, NEBRASKA, ET AL., APPELLEES.

277 N. W. 2d 246

Filed April 3, 1979.   No. 41953.

Donald J. Loftus, P.C., for appellant.

James M. Knapp of Knapp, State, Yeagley, Mues & Sidwell, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action for a writ of mandamus against five members of the county board of Buffalo County, Nebraska, to compel the defendants to "approve and/or pay" five claims against the county. The relator was the sheriff of Buffalo County. The claims were for merchandise or services that had been furnished to the sheriff's office by the claimants at the request of the sheriff.

The trial court found that except for one claim and part of another the claims had been disallowed for just cause; that the defendants' refusal to approve

the remaining claims was not for the purpose of interfering with the relator in the reasonable performance of the duties of his office and the evidence did not show that the disallowance of the claims unreasonably interfered with the relator's performance of his duties; and that a writ of mandamus should not issue. The relator appeals from the dismissal of the action.

The evidence shows the claims were for the rental and supplies for a copying machine used in the sheriff's office; psychological evaluation of prospective employees performed by Selection Research Institute; and a book entitled Encyclopedia Collective Bargaining—Contract Clauses. The claims had been filed by the vendors who had furnished the merchandise or services to the county and the sheriff had no financial interest in any of the claims.

At the time this action was brought none of the claims were then pending before the board. Each claim had been filed, examined, and disallowed by the county board, and no appeal had been taken from the disallowance.

The defendants filed a lengthy demurrer and answer alleging many grounds for the denial of the relief sought by the relator. The relator's brief alleges 29 assignments of error. It is necessary to consider but a few of the contentions made by the parties.

Mandamus is an extraordinary remedy which is not awarded as a matter of right. State, ex rel. Read v. Farmers Irrigation District, 116 Neb. 373, 217 N. W. 607. The writ should not issue where there is another plain and adequate remedy available. Watts v. City of Omaha, 184 Neb. 41, 165 N. W. 2d 104.

Before the writ may issue the relator must show clearly and conclusively that he is entitled to the particular relief requested and the respondents are legally obligated to act. State ex rel. School Dist. v.

Board of Equalization, 166 Neb. 785, 90 N. W. 2d 421.

The duty to act must exist at the time the writ is applied for and the duty to act must be clear. State ex rel. Goetz v. Lundak, 199 Neb. 585, 260 N. W. 2d 589.

The evidence in this case shows that each claim had been examined and disallowed by the county board at the time the action was brought. There was nothing pending before the board on which the respondents could be compelled to act.

Generally, a county board acts quasi-judicially in determining whether claims filed against the county should be allowed. State ex rel. Clark v. Buffalo County, 6 Neb. 454. Mandamus may not be used to control the exercise of judicial discretion. Watts v. City of Omaha, *supra*. The statutory remedy of appeal from the action of the board was an adequate remedy which was available to the claimants who were interested in the claims involved in this case.

The evidence shows there had been no substantial or unreasonable interference with the relator's conduct of his office or the performance of his duties and mandamus was not an appropriate remedy under the facts and circumstances of this case.

The judgment of the District Court dismissing the action is affirmed.

AFFIRMED.