STATE OF NEBRASKA EX REL. LEROY B. FORTNER, APPELLANT, V. WARD URBOM AND DAVID URBOM, SPECIAL PROSECUTORS FOR THE COUNTY OF RED WILLOW, APPELLEES.

318 N.W.2d 286

Filed April 16, 1982. No. 44481.

John J. Battershell of Cunningham Law Offices, P.C., for appellant.

Ward C. Urbom and David W. Urbom of Urbom Law Offices, P.C., for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

HASTINGS, J.

The relator, LeRoy B. Fortner, filed a motion in the District Court seeking an alternative writ of mandamus against the respondents, Ward Urbom and David Urbom, to compel respondents to carry out an agreement not to prosecute relator. From a judgment overruling the motion and denying the writ, the relator has appealed.

Certain criminal charges were pending in the county court of Red Willow County against Fortner involving a relationship with McCook Equity Exchange. The State of Nebraska, through a Red Willow County deputy county attorney and a special prosecuting attorney, entered into a stipulation with Fortner in the criminal case pending in county court. The agreement provided generally that an offer had been made (presumably by Fortner) to McCook Equity to settle all civil cases pending for the approximate amount of $653,000. The agreement further provided that whether the offer was accepted by McCook Equity Exchange or not, all pending charges against Fortner arising out of his employment by McCook Equity as general manager

would be reduced to one misdemeanor. In addition, the prosecuting attorneys agreed to recommend that a fine plus costs be the only penalty assessed against Fortner.

The settlement was never completed. Because of certain developments, the deputy county attorney and the special prosecuting attorney either withdrew or were removed from the case, and the respondents were appointed as special prosecutors to replace them. The State of Nebraska, through its representatives, has refused to abide by or carry out the agreement set forth in the stipulation. As a matter of fact, both parties concede in their briefs that all charges or complaints pending in county court were dismissed by the respondents, who then filed a new complaint in the District Court charging five separate felony counts.

Fortner's only assignment of error is that the District Court erred in refusing to issue a writ of mandamus. In order to resolve that issue, we must address two preliminary questions. First, is mandamus a proper remedy for use in a criminal case to attempt to enforce the terms of an agreement not to prosecute, and, secondly, was the State entitled to unilaterally withdraw or revoke the agreement under the circumstances of this case?

"The writ of mandamus may be issued to any . . . person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station. . . ." Neb. Rev. Stat. § 25-2156 (Reissue 1979). "Mandamus is an extraordinary remedy which is not awarded as a matter of right. . . . The writ should not issue where there is another plain and adequate remedy available." *State ex rel. Newbold v. County of Buffalo,* 202 Neb. 813, 814, 277 N.W.2d 246, 248 (1979).

Fortner had another plain and adequate remedy by way of a motion requesting the District Court to enforce the agreement or dismiss the felony pro-

ceedings. See *State v. Thompson,* 48 Md. App. 219, 426 A.2d 14 (1981). Therefore, in our opinion, mandamus was not a proper remedy in this instance.

However, there is an additional reason why the writ should not be issued in this case. In support of his contention that he was entitled to enforce what he calls the "plea agreement," Fortner relies upon the rule laid down in *Santobello v. New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). In that case, the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. However, in that case, the defendant had pleaded guilty, had changed positions to his detriment, and was then denied the "benefit of his bargain."

All of the other cases cited by Fortner involved a detrimental reliance by the defendant, such as, a plea of guilty, furnishing of evidence of criminal activity, self-incrimination, undercover work, or the like.

*Shields v. State,* 374 A.2d 816 (Del. 1977), is more nearly in point with the case at hand. Shields had been indicted for first degree murder and rape. A plea bargain was made whereby he would enter pleas to second degree murder and rape. Later, *and* for reasons never given, the deputy attorney general announced that the State was unilaterally withdrawing from the plea bargain agreement. In denying Shield's motion for specific performance of the agreement, the Delaware court stated: "We hold that the State may withdraw from a plea bargain agreement at any time prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement." *Id.* at 820. To the same effect, see *State v. Wheeler,* 95 Wash. 2d 799, 631 P.2d 376 (1981).

No plea had ever been entered by Fortner. By agreeing to submit a settlement proposal of his civil liability to McCook Equity, he had in no way been subjected to any detrimental reliance. The evidence is conclusive that he furnished no additional information as to the criminal action. The respondents were well within their rights in refusing to carry out the agreement.

The judgment of the District Court dismissing the relator's motion for a writ of mandamus was correct and is affirmed.

AFFIRMED.