**Harold NELSON, Plaintiff and Appellant,**

v.

**BELLE FOURCHE IRRIGATION DISTRICT, Defendant and Appellee.**

**No. 19187.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 18, 1995.

Decided Nov. 21, 1995.

Jerry C. Rachetto, Deadwood, for plaintiff and appellant.

Bradley A. Schreiber of Quinn, Eiesland, Day & Barker, Belle Fourche, for defendant and appellee.

ERICKSON, Circuit Judge.

Harold Nelson (Nelson) sued the Belle Fourche Irrigation District (District) for breach of implied contract due to failure to deliver water for agricultural irrigation. The trial court entered summary judgment for the District finding there was no evidence of an implied contract. We affirm.

### FACTS

Nelson is a rancher and has been a member/constituent of the District for over forty-seven years. In 1990, 1991 and 1992, he ordered specific quantities of water from the District for the purpose of irrigating his crop land. In each of those years, he only received a portion of the water ordered and he was unable to irrigate some or all of his crops. Nelson now alleges he suffered crop losses, and sues for breach of implied contract.

*Summary Judgment Standard:*

Summary judgment is an integral part of our rules of civil procedure. *Weller v. Spring Creek Resort, Inc.*, 477 N.W.2d 839 (S.D.1991). The moving party has the burden of proving that under the substantive law and the evidence presented there is no genuine issue of material fact. *Tipton v. Town of Tabor*, 538 N.W.2d 783, 785 (S.D.1995).

### ANALYSIS

Nelson raises two issues:

(1) Whether the District is estopped from opposing Nelson's implied contract theory because the District argued in a collateral Federal action that there was a contractual relationship?

(2) Whether the District, as a political subdivision of this state, can be sued by a member/constituent for breach of implied contract?

*Inconsistent Legal Positions:*

■ Nelson contends the District took the position in Federal Court that a contract existed between the two parties, therefore the District should now be estopped from taking the contrary position. *Warren Supply v. Duerr*, 355 N.W.2d 838, 841 (S.D.1984). The trial court reviewed the statement made and correctly ruled that the District never took the position that the parties had a contractual relationship, but rather was merely arguing in terms of analogy.

*Breach of Contract:*

■ This issue deals with the relationship between the District and its member/constituents. In South Dakota, irrigation districts are public subdivisions of the state, created by statute. SDCL 46A-4 et. seq. A district's sole constitutional and statutory purpose is to provide irrigation to the agricultural lands of this state. S.D. Const. art. XXI, § 7.

The relationship between the District and its member/constituent arises under statute. It is similar in nature to a contractual relationship, but arises by operation of law. *Omaha L. Ins. Co. v. Gering & Ft. L. Irrig. Dist.*, 123 Neb. 761, 244 N.W. 296, 297 (1932). In creating irrigation districts the legislature recognized that there is a cause of action for the "failure to deliver water." SDCL 46A–5–26. That cause of action is based on the duty imposed by statute to deliver water. Essentially there is no need to look for an implied contract since the statute has the same effect. The trial court correctly found that there was no implied contract.*

The judgment is affirmed.

* Nelson's dilemma is that SDCL 46A–5–26 is an exclusive remedy. Any cause of action against an irrigation district for damages due to the delivery of or failure to deliver water is controlled by SDCL 46A–5–26. The legislature also established a 30–day written notice requirement, and a one year statute of limitations. But Nelson failed to give written notice, and this action seems to have been filed after the one year statute of limitations.

MILLER, C.J., and SABERS, KONENKAMP and GILBERTSON, JJ., concur.

ERICKSON, Circuit Judge, for AMUNDSON, Justice, disqualified.