590 P.2d 1363
**STATE of Arizona, Appellee,**

v.

**Antonio Villa GRACIA, Appellant.**

**No. 4388.**

Supreme Court of Arizona,
En Banc.

Jan. 25, 1979.
Rehearing Denied Feb. 27, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

David K. Schatz, Chandler, for appellant.

HAYS, Justice.

This appeal involves convictions for unlawfully offering to sell marijuana in violation of A.R.S. §§ 36–1002.07, 36–1002.10, 13–138, 13–139, and 13–140, and for conspiracy to sell marijuana in violation of A.R.S. §§ 13–331(A), 13–1647, 13–138, 13–139, and 13–140. We have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

Defendant Antonio Villa Gracia was indicted along with four others on the above charges. In August of 1977 undercover agents for the narcotics detail of the Phoenix Police Department arranged to purchase a large quantity of marijuana from

Ralph Zavala, a co-indictee of Gracia. During the preliminary negotiations Zavala made many references to "his people." Finally, on August 16 Zavala told one of the agents that he had talked to his people, that they were bringing the marijuana from Tucson, and that the agent was to wait for his call. Shortly before midnight the agent received the expected call from Zavala and was told to meet him in the parking lot of Jerry's restaurant in Phoenix. Together with the other agent who was posing as an out-of-town buyer, the agents met Zavala who informed them that there were about 550 pounds of marijuana. At that point Gracia and a codefendant drove into the parking lot at Jerry's. Zavala pointed to the vehicle and said: "Those are the guys there. You can follow them." Gracia, the passenger in the vehicle, nodded his head up and down when informed by one of the agents of the plans to meet at Denny's restaurant in Tempe. During the trip to Denny's, Zavala responded affirmatively when questioned whether Gracia and the codefendant were "the dudes that brought the load up from Tucson."

When Zavala and the two agents arrived at Denny's Gracia told them that they were going to the Sun Devil Lounge. He stated that there was a motel nearby and that the marijuana would be unloaded into one of the motel rooms. The deal was transacted as expected and subsequently Gracia, Zavala and three others who took part in the transaction were arrested.

Zavala's case was severed from that of his co-indictees when he pleaded guilty to the charges. Gracia and the three codefendants waived their right to trial by jury and were convicted of offering to sell marijuana and conspiracy. Imposition of sentence was suspended and Gracia was placed on probation for five years with the condition that he serve ten months in the Maricopa County Jail, pay a $244 fine, and perform 200 hours of community service. This appeal followed.

■ Gracia challenges his conviction for unlawfully offering to sell marijuana on the grounds that the offer to sell it was made and completed before Gracia became involved in the transaction. Specifically, Gracia argues that he was not present during the commission of the crime—the initial offer to the agents by Zavala. We find this fact to be irrelevant as A.R.S. § 13–139 defines all persons concerned with the commission of crime as principals, if they directly commit the act, aid and abet in its commission, or, not being present, have advised and encouraged its commission. Furthermore, A.R.S. § 13–140 specifies that "[a]ll persons concerned in the commission of a crime whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall be prosecuted, tried and punished as principals . . . ." Thus, the issue reduces to one of the sufficiency of evidence from which the trial court could have found that Gracia was involved in the unlawful offer to sell marijuana.

■ On appeal from a conviction, a reviewing court considers the evidence in the light most favorable to sustaining the verdict. *State v. Childs,* 113 Ariz. 318, 320, 553 P.2d 1192, 1194 (1976). Zavala identified Gracia to the agent as one of "his people" who had brought the load of marijuana from Tucson to Tempe. Moreover, it was Gracia who articulated the plan to meet at the Sun Devil Lounge for the consummation of the sale. Viewing the evidence before the trial judge as a whole, we find that he could have reasonably found that Gracia had aided and abetted Zavala in the unlawful offer to sell marijuana, even though Gracia was not present during the negotiations.

Gracia made a second argument, that the object of the conspiracy was achieved and the conspiracy terminated before he became involved in it. We disagree. However, for reasons to be explained shortly, we hold that the conviction and sentence for conspiracy must be set aside.

■ The record contained more than ample evidence in support of a conclusion that Gracia had participated in the conspiracy to sell marijuana, but the indictment

alleged as the overt act necessary to support a conviction for conspiracy, the offer to sell marijuana, the same act as the substantive offense. Had the state selected any other conduct for the overt act, we would have no difficulty in affirming both the conviction and the sentence. It is well settled that, with limited exceptions inapplicable here, the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses to each of which the legislature may affix a different penalty. *Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489, 1494–95 (1946); *United States v. Boyle,* 157 U.S.App.D.C. 166, 177–78, 482 F.2d 755, 766–67, *cert. denied,* 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483 (1973). However, although the same act may be charged in the conspiracy count and also charged and proved as the substantive crime, *id.,* A.R.S. § 13–1641 prohibits the state from punishing an accused where one single act encompasses the elements of more than one crime. *State v. Arnold,* 115 Ariz. 421, 423, 565 P.2d 1282, 1284 (1977).

*State v. Tinghitella,* 108 Ariz. 1, 491 P.2d 834 (1971), set forth the proper test to apply to determine the number of acts which may be punishable under § 13–1641. *Tinghitella* adopted an identical elements test under which the court must eliminate the evidence supporting the elements of one charge and then decide whether the remaining evidence supports the elements of the additional charge(s). *Id.,* 108 Ariz. at 3, 491 P.2d at 836. Except in cases of conspiracy to commit arson or burglary, conspiracy requires proof of an overt act. A.R.S. § 13–332. If we eliminate the offer to sell from the conspiracy charge, we are left without an overt act. Therefore, under *Tinghitella* the conspiracy charge cannot stand.

 We have held that "punishment" as used in § 13–1641 includes both the conviction and the sentence imposed thereon. *State v. Lippi,* 108 Ariz. 342, 345, 498 P.2d 209, 212 (1972). Furthermore, where an accused is convicted and sentenced on two counts based on one act, the trial judge should set aside the lesser conviction. *Id.*

In the instant case, the sentences imposed are the same and are concurrent; therefore, it is not necessary to remand for resentencing. Since the potential punishment under § 36–1002.07 is greater than that which can be imposed under § 13–331(A), we set aside the conspiracy conviction. The judgment of conviction and the sentence for offering to sell marijuana are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.