665 P.2d 587

**STATE of Arizona, Appellee,**

v.

**Edgar M. PATTON III, Appellant.**

**No. 1 CA–CR 5143.**

Court of Appeals of Arizona,
Division 1, Department B.

April 7, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Hill & Savoy by Daniel B. Patterson, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Appellant was charged with molestation of a child in violation of A.R.S. § 13–1410.[1] At the trial, over appellant's objection, the trial court instructed the jury that the crime of sexual abuse under A.R.S. § 13–1404 [2] was a lesser included offense of child molesting. The jury returned a verdict of guilty of sexual abuse. The defendant appeals from the judgment and sentence of the trial court.

Appellant argues that the trial court erred by instructing the jury that sexual abuse is a lesser included offense of child molesting, and that the offenses in question violate appellant's equal protection rights because the statutes have created an arbitrary and unreasonable class of offenders designated as child molestors who are punished more severely than sexual abusers for the same criminal conduct. We agree in part and reverse the judgment and sentence of the trial court.

This court has recently held in *State v. Cousin*, 136 Ariz. 83, 664 P.2d 233 (App. 1983) that sexual abuse pursuant to A.R.S. § 13–1404 is not a lesser included offense of child molesting. *See also, State v. Wise*, 1 CA–CR 5683, Ariz.Ct.App. (March 22, 1983); *State v. Davis*, 1 CA–CR 5586, Ariz.Ct.App. (March 15, 1983) and *State v. Aguirre*, 130 Ariz. 54, 633 P.2d 1047 (App.1981).

An offense may be an included offense under two circumstances:

(1) the included offense is by its very nature always a constituent part of the major offense charged, or (2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged. (citation omitted)

The test to determine if the offense is a lesser included offense is whether the first (greater) offense cannot be committed without necessarily committing the second (lesser).

*State v. Caudillo*, 124 Ariz. 410, 411, 604 P.2d 1121, 1122 (1980); *In the Matter of the Appeal in Maricopa County, Juv. Action No. J–75755*, 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974).

According to the definitions provided in A.R.S. § 13–1401(2), the sexual abuse statute prohibits, in relevant part, "any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast" of a person under the age of fifteen. The child molesting statute prohibits, in relevant part, a person from causing "a child under the age of fifteen years to fondle, play with, or touch the private parts of such person." According to *State v. Carter*, 123 Ariz. 524, 601 P.2d 287 (1979), "private parts" include the genital and excretory organs but not the female breast.[3] Therefore, fondling the breasts of a female under the age of fifteen could be sexual abuse, but such conduct would not be child molesting. Consequently, sexual abuse does not satisfy the first circumstances as enumerated above because it is not by its

1. § 13–1410. Molestation of child; classification.

   A person who knowingly molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person is guilty of a class 2 felony and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served but in any event not less than five years, notwithstanding the provisions of §§ 41–1604.06 and 41–1604.07.

2. Section 13–1404. Sexual abuse; classification.

   A. A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person not his or her spouse without consent of that person or with any person who is under fifteen years of age and who is not his or her spouse.
   B. Sexual abuse is a class 5 felony.

3. Although *State v. Carter, supra,* dealt with the former child molesting statute, A.R.S. § 13–653, the decision has continuing applicability because the two statutes are substantially the same, particularly with respect to the "private parts" language used in both.

very nature always a constituent part of child molesting, which in this case is the claimed "greater offense charged."

■ Nor is the second circumstance satisfied. Although the terms of the charging document alleging child molestation did describe conduct which was also prohibited by the sexual abuse statute, the terms of the charging document did not describe a "lesser" offense as that term has been interpreted by our Supreme Court.[4] In *State v. Caudillo, supra,* the Court rejected an appellant's contention that in order for an offense to qualify as a lesser included offense the penalty that could be imposed must be less severe than that of the greater offense. The Court stated that:

> We have consistently analyzed an "included" offense according to whether all the elements thereof are present in the offense charged without regard to the comparative penalties.

> The terms "lesser" and "greater" actually refer to the number of elements in the respective crimes because the offense charged must contain all the elements of the included offense plus at least one additional element.

124 Ariz. at 412, 604 P.2d at 1123. A comparison of the elements of the statutes here involved shows that sexual abuse does not contain fewer elements than child molesting. Accordingly, under either of the circumstances quoted above, sexual abuse is not a lesser included offense of child molesting.

■ Due process requires that an accused be given sufficient notice of the charge against which he is to defend himself, and an accused may not be convicted of an offense different from that with which he is charged unless it is included in the offense charged. *State v. Butrick,* 113 Ariz. 563, 558 P.2d 908 (1976); *State v. Sanders,* 115 Ariz. 289, 564 P.2d 1256 (App. 1977). Because appellant was not charged with sexual abuse, nor is sexual abuse an included offense of child molesting, appellant's conviction of sexual abuse cannot stand. However, under the authority of *State v. Butrick, supra,* wherein precisely the same procedural predicament occurred, appellant could be retried on a properly filed charge of sexual abuse without incurring any double jeopardy violation.[5]

■ It is also appellant's position that the equal protection clauses of the United States and Arizona Constitutions have been violated because appellant's conduct was chargeable under either of two statutes that contained differing degrees of punishment. We do not agree. Appellant has not presented us with any Arizona authority to support this contention, nor have we found any. On the contrary, appellant's argument flies in the face of recent decisions from this court and the United States Supreme Court. In *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the defendant was convicted and sentenced under a federal statute which prohibited a previously convicted felon from receiving a firearm that had traveled in

4.  The information read as follows:
    THE MARICOPA COUNTY ATTORNEY accuses EDGAR M. PATTON, on this 12th day of May, 1980, charging that in Maricopa County, Arizona;
    EDGAR M. PATTON, on or about the 4th day of February, 1980, knowingly caused [the victim], a child under the age of 15 years, to fondle, play with or touch the private parts of Edgar M. Patton, in violation of A.R.S. §§ 13-1410, 13-701, 13-702 and 13-801.

5.  In *State v. Butrick, supra,* appellant was tried to the court for violating A.R.S. § 13-241 and § 13-245(a)(7) and (C). The trial court determined that A.R.S. § 13-916 was a lesser included offense and found appellant guilty of

that offense. The Supreme Court held that § 13-916 was not a lesser included offense and reversed appellant's conviction. The court that stated:

> Since the failure of the trier of fact to find appellant guilty of the original charge amounts to an acquittal thereof, re-indictment on that charge or any lesser included offense thereof is constitutionally prohibited by the double jeopardy it would impose. We see no constitutional infirmity, however, in a proper indictment or information against appellant for a violation of A.R.S. § 13-916, giving him the requisite notice denied him in this proceeding.

113 Ariz. at 567, 558 P.2d at 912.

**246**

interstate commerce, and the statute provided for up to five years imprisonment. The Seventh Circuit Court of Appeals affirmed the conviction but remanded for resentencing under a different federal statute which contained substantively identical elements with respect to a convicted felon who unlawfully received a firearm, but which imposed a term of imprisonment of no more than two years. In response to the argument that unequal justice would result by allowing the prosecutor to select which of two penalties to apply to the same conduct, the Supreme Court stated:

> More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.[6]

442 U.S. at 125, 99 S.Ct. at 2205, 60 L.Ed.2d at 765.

Relying on *United States v. Batchelder, supra,* this court held in *State v. Weiner,* 126 Ariz. 454, 616 P.2d 914 (App.1980), that no equal protection violation had occurred where conduct which was prohibited by both a felony and a misdemeanor statute was prosecuted by the state as a felony. *See State v. Embree,* 130 Ariz. 64, 633 P.2d 1057 (App.1981). Accordingly, we find no equal protection violation.

The judgment and sentence of the trial court are reversed.

FROEB, P.J., and GREER, J., concur.

---

**6.** The Court observed that constitutional safeguards do exist with respect to the selectivity in the enforcement of criminal laws. Quoting from *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962), the Court said that "[t]he Equal Protection Clause prohibits selective enforcement 'based upon an un-

justifiable standard such as race, religion, or other arbitrary classification.' (citation omitted) Respondent does not allege that his prosecution was motivated by improper considerations." 552 U.S. at 125, n. 9, 99 S.Ct. at 2205, n. 9, 60 L.Ed.2d at 765, n. 9. Nor has appellant in the present case made any such allegation.