736 P.2d 796

The STATE of Arizona,
Appellee/Respondent,

v.

Eduardo G. SOTOMAYOR,
Appellant/Petitioner.

Nos. 2 CA–CR 3386, 2 CA–CR
4400–3PR.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 26, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Phoenix, for appellee/respondent.

Law Offices of Walter B. Nash III, P.C. by Yvonne Ayers, Tucson, for appellant/petitioner.

## OPINION

FERNANDEZ, Judge.

We find a double punishment violation in this case and reverse. Appellant pled guilty to sale of a narcotic drug (cocaine) with a potential penalty of five years to life imprisonment (if prison time was given, a minimum of five years was mandated under the applicable statute) and to conspiracy to sell a narcotic drug (cocaine) with a potential punishment of one to four years' imprisonment.

On December 10, 1975, appellant was sentenced to not less than three nor more than four years in prison on the conspiracy charge. At the same time, the court suspended imposition of sentence and placed appellant on probation for 10 years on his conviction for unlawful sale of a narcotic drug. The sentences were to run concurrently. Both counts involved the sale of cocaine, a transaction that occurred on the same day, April 6, 1975.

Appellant fully served his prison sentence on the conspiracy count. After an evidentiary hearing on November 15, 1983, the court found he had violated the terms of his probation on the sale charge. At the disposition hearing, appellant was sentenced to serve five years to life in prison, with a mandatory five years to be served before he would be eligible for release. He appealed the revocation of his probation and the sentence imposed. While the appeal was pending, appellant filed a petition for post-conviction relief, Rule 32, Rules of Criminal Procedure, 17 A.R.S., and the ap-

peal was stayed pending resolution of those proceedings.

Both parties argued the effect of former A.R.S. § 13–1641, which provided as follows: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one." The court hearing the Rule 32 petition ordered appellant's conviction on the conspiracy charge vacated, designating it the lesser conviction, and applied the time served on that conviction as credit against the term imposed on the conviction for the sale charge. The petition for review of the Rule 32 proceedings has been consolidated with the appeal from the revocation of appellant's probation.

Appellant contends that the court had no discretion to later deem his conspiracy conviction the "lesser conviction" and the one to be vacated in order to cure the double punishment violation, since the court originally punished him more severely for the conspiracy charge on which he had already completed his prison sentence. We agree.

The state concedes that the double punishment statute has been violated but argues that the court is vested with discretion to vacate the conspiracy charge and designate it as the lesser conviction. The double punishment statute has been construed to bar entry of a double conviction as well as imposition of a double sentence. *State v. Gracia*, 121 Ariz. 417, 590 P.2d 1363 (1979); *State v. Lippi*, 108 Ariz. 342, 498 P.2d 209 (1972); *State v. Ballez*, 102 Ariz. 174, 427 P.2d 125 (1967). In cases where a defendant's conviction on two separate offenses has been found to have violated former A.R.S. § 13–1641, the lesser conviction has been vacated. *State v. Gracia*, supra; *State v. Castro*, 27 Ariz.App. 323, 554 P.2d 919 (1976). The court in *Castro* noted: "In most, but not all, such cases, the lesser conviction is the crime for which the statute provides the lesser maximum potential sentence." 27 Ariz.App. at 329, 554 P.2d at 925.

Turning now to the basic question before us, since the trial court could only punish for one offense, was it required to punish the more serious one? Confusion has arisen, because generally the courts have held that the lesser convictions should be vacated. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974); *State v. Scarborough*, 110 Ariz. 1, 514 P.2d 997 (1973), cert. denied, 415 U.S. 1000, 94 S.Ct. 1598, 39 L.Ed.2d 892 (1974); *State v. George*, 108 Ariz. 5, 491 P.2d 838 (1971); *State v. Arce*, 107 Ariz. 156, 483 P.2d 1395 (1971); *State v. Mendoza*, 107 Ariz. 51, 481 P.2d 844 (1971); *State v. Ballez*, supra. These cases offer no guide in a situation such as this, in which the court suspended imposition of sentence on the crime carrying the greater maximum potential sentence but imposed a prison term on the crime carrying the lesser maximum potential sentence.

We agree with appellant that two Arizona cases support his position that the court abused its discretion in designating the conspiracy conviction as the lesser conviction. *State v. Zamora*, 114 Ariz. 75, 559 P.2d 195 (App.1976) and *State v. Castro*, supra. It is undisputed that in 1975 the trial judge intended that appellant serve a term of years in prison for his conduct and decided that the appropriate prison time would be under the conspiracy conviction. Appellant served the entire sentence. We find that designation of that crime as a lesser offense after the sentence has been served and approximately eight years after the conviction is an abuse of discretion. After appellant fully served his prior sentence, he had completed his one permitted punishment. To permit imposition of the longer suspended sentence would effectively punish for both offenses in violation of the double punishment statute.

We reverse the orders of the trial court. The judgment of conviction and sentence on the sale charge are vacated.

HATHAWAY, C.J., and HOWARD, P.J., concur.