749 P.2d 936

**The STATE of Arizona, Appellee,**

**v.**

**Franklin Daniel CORY, Appellant.**

**No. 2 CA–CR 87–0454.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 17, 1987.

Redesignated as Opinion and Publication Ordered Jan. 20, 1988.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Paul J. McMurdie, Phoenix, for appellee.

Wisdom, Logan & McNulty by James L.P. Logan, Jr., Phoenix, for appellant.

PER CURIAM.

Pursuant to a plea agreement entered January 29, 1987, appellant pled guilty to attempted sexual assault. Appellant was placed on probation with the condition that he register as a sex offender pursuant to A.R.S. § 13–3821. The sole issue on appeal is whether that condition of probation was properly imposed.

Relying on the language of the statute, appellant claims that the registration of sex offenders required under A.R.S. § 13–3821 applies to persons convicted of the substantive offenses, not merely the attempt. The statute provides: "A person who has been convicted of a violation of chapter 14 or 35.1 of this title ... shall ... register with the sheriff of the county in which he resides or sets up temporary domicile." However, appellant overlooks the fact that he was convicted of a violation of Chapter 14. Pursuant to the plea agreement, appellant agreed to plead guilty to a violation of A.R.S. § 13–1001, as well as §§ 13–1406, 13–1401, 13–3821, 13–701, 13–801, and 13–808. It would have been impossible for appellant to plead guilty to

solely a violation of A.R.S. § 13–1001 since that chapter must always be viewed together with a substantive offense. In this case, the Chapter 10 violation must be viewed in conjunction with the Chapter 14 violation. The purpose of the registration requirement for defendants convicted of the substantive offenses certainly is served by the registration of persons convicted of preparatory offenses. Appellant understood that he was being convicted of a violation of Chapter 14 and the probation condition based on that violation certainly was within the trial court's sentencing jurisdiction.

Affirmed.