770 P.2d 375

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA; Honorable Bernardo P. Velasco, a Judge thereof, Respondents,

and

Lester Leroy REINHART, Real Party in Interest.

No. 2 CA–SA 88–0150.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 13, 1988.

Review Denied April 11, 1989.

Stephen D. Neely, Pima County Atty. by John W. Dickinson, Tucson, for petitioner.

Harold L. Higgins, Jr., Pima County Public Defender by Daniel R. Grills, Tucson, for Real Party in Interest.

## OPINION

HATHAWAY, Judge.

The state has taken this special action from the order of the trial court denying its motion to withdraw from a plea agreement with the real party in interest, Lester Leroy Reinhart. Because we conclude that the respondent judge has failed to perform a duty required by law as to which he has no discretion and proceeded without or in excess of his legal authority, Ariz.R.Spec. Action P. 3(a) and (b), 17B A.R.S., and because the state has no remedy by appeal, we accept jurisdiction and grant relief.

Reinhart is the defendant in three separate criminal actions in Pima County, each of which was assigned for prosecution to different deputy county attorneys. CR–24853, involving charges of theft by conversion, was assigned to Michael Lange. CR–18676, a probation revocation proceeding, was assigned to Charles Jenkins. CR–25278, involving a charge of unlawful transfer of over eight pounds of marijuana for sale, with allegations of two prior convictions and commission of the offense while on probation and while released on recognizance, was assigned to John W. Dickinson.

On October 17, 1988, Jenkins negotiated a plea agreement with Reinhart encompassing CR–24853 and CR–25278 with the knowledge and approval of Lange, but apparently without the knowledge or approval of Dickinson. Dickinson then filed a motion to withdraw from the plea agreement based on Ariz.R.Crim.P. 17.4, 17 A.R.S. The respondent judge denied the motion, finding that Jenkins had the authority to make the offer which Reinhart had accepted and that the state was bound by the agreement.

The state argues that since the plea agreement had not been accepted by the court prior to its motion to withdraw, the respondent judge was required by Rule 17.4(b) to grant its motion. The cited subsection provides:

**b. Plea Agreement.** The terms of a plea agreement shall be reduced to writ-

ing and signed by the defendant, his counsel, if any, and the prosecutor. An agreement may be revoked by any party prior to its acceptance by the court.

The rule is unambiguous and authorizes the state's withdrawal from the agreement.

Reinhart contends, however, that this case is governed by the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In *Santobello*, the defendant and the state entered into a plea agreement which provided, among other things, that the state would make no recommendation as to sentencing. After the defendant's guilty plea had been accepted by the trial court, a substitute prosecutor who was unfamiliar with the plea negotiations recommended imposition of the maximum sentence. The Supreme Court found that the state had breached the plea agreement and, in "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty," vacated the judgment and remanded for reconsideration by the state court. Noting that "[t]here is, of course, no absolute right to have a guilty plea accepted," 404 U.S. at 263, 92 S.Ct. at 498 and 499, the Court nevertheless affirmed that

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 263, 92 S.Ct. at 499.

As the Supreme Court has since made clear, however, the concern in *Santobello* for the due process rights of a defendant arises not out of the plea agreement but rather the entry of the defendant's guilty plea. *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). As the Court noted in *Mabry:*

> A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution. Only after respondent pleaded guilty was he convicted, and it is that conviction which gave rise to the deprivation of respondent's liberty at issue here.

467 U.S. at 507–508, 104 S.Ct. at 2546 (footnotes omitted). While circumstances may arise where a defendant's detrimental reliance on a plea agreement prior to the entry of his guilty plea will preclude the state from withdrawing from or revoking the agreement, *see, e.g., Virgin Islands v. Scotland*, 614 F.2d 360 (3d Cir.1980); *Shields v. State*, 374 A.2d 816 (Del.1977), *cert. denied*, 434 U.S. 893, 98 S.Ct. 271, 54 L.Ed.2d 180 (1977); *State ex rel. Fortner v. Urbom*, 211 Neb. 309, 318 N.W.2d 286 (1982), the provisions of Rule 17.4(b) are not per se violative of the principles enunciated in *Santobello* or *Mabry*. Since Reinhart's plea had not been accepted by the court, and since he has neither alleged nor shown any detrimental reliance on the plea agreement, neither *Santobello* nor *Mabry* prevents the state from exercising its right to revoke the agreement under Rule 17.-4(b).

■ Reinhart also contends that the provisions of the plea agreement itself preclude the state's revocation of the agreement. Specifically, paragraph 6 of the agreement provides:

> 6. The parties agree that the Court shall accept this plea agreement at the time of the Defendant's plea. The State's participation in this plea agreement is conditional upon the Court's acceptance of the plea at the change of plea hearing. If, after accepting the plea, the Court concludes that any of the terms or provisions of this agreement are unacceptable, both parties shall be given the opportunity to withdraw from this agreement, or the Court can reject the agreement. This agreement is condition-

al upon the Defendant's representation that this document bears his true name and that he has no felony convictions other than those described in the terms of this agreement. Should either of these representations be inaccurate, the Court may reject the agreement, or the State may withdraw from the agreement. The Defendant agrees that the State may withdraw from this agreement should the Defendant be charged with or commit a crime between the time of this agreement and the time for sentencing in this cause. Should the Court reject this agreement, or the State withdraw from the agreement, the Defendant hereby waives all claims of double jeopardy.

Reinhart contends that, under the terms of the agreement, the state could withdraw only if the court failed to accept it, Reinhart misrepresented his name or conviction record, or Reinhart committed or was charged with another offense prior to sentencing. While paragraph 6 sets forth certain circumstances under which the state may withdraw from the agreement, it does not purport to be exclusive. In light of the parties' presumed knowledge of Rule 17.-4(b), we will not infer an intent to preclude application of the rule absent express language to that effect, and we therefore do not address the questionable validity of such a provision.

The order of the respondent judge is vacated, and the matter is remanded with directions to grant the state's motion to withdraw.

LIVERMORE, C.J., and HOWARD, J., concur.