799 P.2d 1

**STATE of Arizona, Appellee,**

v.

**George Luis TELLEZ, Appellant.**

**No. 1 CA–CR 88–1400.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 7, 1989.

Supplemental Opinion April 5, 1990.

Reconsideration of Supplemental Opinion
Denied May 17, 1990.

Review Denied Nov. 6, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Georgia B. Ellexson, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Phoenix, for appellant.

## OPINION

GERBER, Judge.

This case presents the issue of whether the fine provision found in A.R.S. § 13–3408 is mandatory for defendants convicted under A.R.S. § 13–1002 for solicitation to sell narcotic drugs.

## FACTS

Appellant George Luis Tellez (defendant) attempted to sell cocaine to an undercover police officer and was arrested. The state charged him by indictment with conspiracy to sell narcotic drugs and with the sale of narcotic drugs, both class 2 felonies.

Defendant entered into a plea agreement agreeing to plead guilty to solicitation to sell narcotic drugs, a class 4 felony, in violation of A.R.S. §§ 13–3401, –3408, –1002, –701, –702, –801 and –812. In exchange, the second count of the indictment,

the sale of narcotic drugs, was dropped. Further, the allegation of a prior conviction was dismissed and it was stipulated that no *Hannah* priors would be filed. The plea agreement also specified that "[t]he minimum fine is $2,000 or three times the value of the drug ($37,500) plus a 37% surcharge, whichever is greater."

The state and the trial court concluded that this fine was made mandatory by A.R.S. § 13-3408(E). Defendant argued that the fine was not mandatory. The trial court sentenced defendant on November 29, 1988 to four years probation, required community service, and fined defendant $37,500, waiving the surcharge. Imposition of the fine was made contingent upon the outcome of a special action. On December 5, 1988, this court declined jurisdiction on defendant's special action without prejudice to his right to appeal. On February 22, 1989, the Arizona Supreme Court declined to review the disposition of defendant's special action. Meanwhile, on December 7, 1988, defendant appealed the imposition of the fine.

On appeal, defendant challenges the state's contention that the fine imposed is mandatory. Defendant argues that the crime of solicitation is distinct from those to which the mandatory fine in A.R.S. § 13-3408 applies, so that the fine in his case should not be mandatory. We agree and accordingly set aside the plea, conviction and sentence.

## DISCUSSION

■ Arizona law outlaws the possession, use, administration, acquisition, sale, manufacture or transportation of narcotic drugs under A.R.S. § 13-3408. This section also classifies violations according to felony levels and creates sentencing guidelines. Among its sentencing provisions, A.R.S. § 13-3408 provides the following:

In addition to any other penalty prescribed by this title, the court shall order a person who is convicted of a violation *of any provision of this section* to pay a fine of not less than two thousand dollars *or three times the value as determined by the court of the narcotic drugs*

involved in or giving rise to the charge, whichever is greater, and not more than the maximum authorized by chapter 8 of this title. A judge shall not suspend any part or all of the imposition of any fine required by this subsection.

A.R.S. § 13-3408(E) (footnote omitted) (emphasis added). The limiting language of this provision unambiguously limits this mandatory fine to violations of "this section", i.e. § 13-3408.

This language alone is sufficient reason to set aside the fine but there is more. Section 13-3408 specifically prohibits a person from knowingly engaging in the following kinds of conduct:

1. Possess or use a narcotic drug.

2. Possess a narcotic drug for sale.

3. Possess equipment and chemicals for the purpose of manufacturing a narcotic drug.

4. Manufacture a narcotic drug.

5. Administer a narcotic drug to another person.

6. Obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation or subterfuge.

7. Transport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug.

A.R.S. § 13-3408(A).

In the present case, defendant was not charged with any of the conduct listed in § 13-3408(A). Instead, he was charged with solicitation under A.R.S. § 13-1002. The crime of solicitation is defined as:

A person, other than a peace officer acting in his official capacity within the scope of his authority and in the line of duty, commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which

would establish the other's complicity in its commission.

A.R.S. § 13–1002(A).

The offense which § 13–1002 addresses is not listed under § 13–3408 for which the mandatory fine provision applies. The legislature obviously did not intend to punish solicitation under § 13–3408.

The state argues, however, that the fine imposed on defendant should be mandatory because solicitation is a preparatory offense to the underlying offense, the sale of a narcotic drug. Specifically, the state asserts that the fine becomes mandatory when the solicitation statute is read together with § 13–3408. This argument also lacks merit.

The state overstates the similarity between a preparatory offense and an underlying offense. In its brief, the state proposes that the function of the solicitation statute, as a preparatory offense, is to permit a court to adjust the penalty in cases where the conduct of the defendant falls short of the completed crime. In effect, the state argues that preparatory offenses are simply lesser included offenses to the underlying crime. The state relies on *State v. Bouchier*, 159 Ariz. 346, 767 P.2d 233 (App.1989), and *State v. Cory*, 156 Ariz. 27, 749 P.2d 936 (App.1988) to support this proposition. In both *Bouchier* and *Cory*, the courts ruled that a defendant who pleads guilty to attempted sexual assault must still register as a sex offender pursuant to A.R.S. § 13–3821.[1]

Attempt, solicitation, conspiracy and facilitation are preparatory offenses. *See* A.R.S. §§ 13–1001, –1002, –1003, and –1004. Preparatory offenses are separate and distinct from substantive offenses. *See* LaFave & Scott, *Substantive Criminal Law*, § 6.1 (1986). Arizona created separate sentencing formats for these offenses. Furthermore, Arizona courts have recognized that conspiracy is a separate and distinct crime from the underlying substantive offense. *State v. Olea*, 139 Ariz. 280, 293, 678 P.2d 465, 478 (App.1983) relying on *State v. Gracia*, 121 Ariz. 417, 590 P.2d 1363 (1979). The substantive offense and solicitation to commit it are also separate offenses. Solicitation requires a different mental state and different acts if only because the solicitor must "command", "encourage", "request" or "solicit" another person to engage in the felony or misdemeanor. A.R.S. § 13–1002(A). Solicitation is not a lesser included offense of the sale of narcotic drugs because the mental and physical elements of solicitation are not necessary elements of the underlying offense. *See generally State v. Patton*, 136 Ariz. 243, 245, 665 P.2d 587, 589 (App. 1983).

Under this reasoning, the state's reliance on *Bouchier* and *Cory, supra,* is misplaced. Both those cases dealt with sentencing a defendant for *attempting* the underlying offense. Attempt differs from solicitation in that attempt retains the same mental state and elements as the underlying offense.[2] Solicitation, however, re-

---

1. In *Bouchier,* this court actually held that the defendant was required to register as a sex offender because he failed to timely object to that term in his probation. In dictum, however, this court stated that the registration requirement applied to defendants convicted of *"attempt* of a crime (of sexual assault)." *Bouchier,* 159 Ariz. at 348, 767 P.2d at 235 (emphasis in original).

2. Criminal "attempt" is defined as follows:
   A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:
   1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; or

2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense; or

3. Engages in conduct intended to aid another to commit an offense, although the offense is not committed or attempted by the other person, provided his conduct would establish his complicity under chapter 3 if the offense were committed or attempted by the other person.

A.R.S. § 13–1001(A). The question of whether the sentencing guidelines for § 13–3408 apply to the sale of narcotic drugs is not before us.

**384**

mains a completely separate crime from the offense solicited.

There is a further reason why the state's position is untenable. The state's argument, taken to its logical extreme, leads to an illogical result. The state would make the fine mandatory even though defendant was not charged with violating § 13–3408(A). The solicitation statute, however, provides its own classification scheme for those convicted of solicitation in A.R.S. § 13–1002(B). Using the felony classification level of the underlying offense as a base, A.R.S. § 13–1002 reduces the classification level for those convicted of solicitation. This classification level governs statutes fixing fines and restitution. The classification and sentencing scheme found in A.R.S. § 13–3408 would conflict directly with the sentencing scheme for solicitation if the state's reading of A.R.S. § 13–3408 is adopted. Courts would be forced to consider two competing classification and penalty schemes. We refuse to adopt this interpretation.

Since the fine in this case is not mandatory, the plea agreement is vacated because the fine was assessed by the court under the mistaken notion that it was mandatory. Because the fine is a material term to the agreement, this matter is remanded. The state and defendant may either renegotiate a plea agreement or proceed to trial.

FIDEL, P.J., and EUBANK, J., concur.

## SUPPLEMENTAL OPINION

■ In an earlier appeal to this court, appellant George Luis Tellez (defendant) challenged the imposition of a $37,500 fine in his plea agreement. The state contended the fine was mandatory. In our opinion filed December 7, 1989, 165 Ariz. at 381, 799 P.2d at 1, we held that the fine was not mandatory and vacated the plea agreement. Defendant subsequently filed a motion to reconsider arguing that the plea should be left intact with the fine stricken. The state agrees that the plea should remain intact but that the case should be remanded for resentencing at which time the state would have an option to withdraw. We grant this

motion only to clarify the relief granted previously.

■ The trial court accepted defendant's plea at the time of sentencing. Jeopardy attaches once a plea is accepted. The state may not withdraw from the agreement without violating defendant's constitutional protection against double jeopardy. *Dominguez v. Meehan*, 140 Ariz. 329, 681 P.2d 912 (App.1983), *approved*, 140 Ariz. 328, 681 P.2d 911 (1984). Only the defendant may withdraw his plea once it has been accepted by the court. *State v. Superior Court in and for Pima County*, 160 Ariz. 71, 770 P.2d 375 (App. 1988); 17 A.R.S. Rules of Crim.Proc., Rule 17.4(d), (e).

The state may withdraw from a plea agreement after a plea's acceptance only where the parties expressly so contract. *Dominguez, supra*, 140 Ariz. at 331, 681 P.2d at 914. Such was not done here. The plea agreement provides that both defendant and the state may withdraw if the trial court disregards the parties' sentencing recommendations. The document, however, announces "no agreement" on sentencing and only lists the fine as part of the information regarding special possible conditions of sentencing.

Our review of the colloquy between both counsel and the trial court regarding the fine indicates that each party to the plea agreement intended that the agreement be enforced even if the contested fine were held improper on appeal. Such, in fact, was our holding. Both counsels' statements regarding the fine also indicate that the fine was immaterial to the decision to enter the plea and that the plea and resulting conviction should stand despite the improper fine. *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987). Accordingly, our prior opinion is modified. The plea and sentence remain in effect with the exception of the improper fine which is stricken pursuant to A.R.S. § 13–4037; *See also State v. Marquez–Sosa*, 161 Ariz. 500, 779 P.2d 815 (App.1989), wherein a similar im-

proper fine was stricken from an otherwise valid sentence.