5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Charles Martin BISBEE, Defendant-Appellee.
 No. 92-10610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court For the District of Arizona; No. CR-87-295-PHX-RGS, Roger G. Strand, District Judge, Presiding.
 D.Ariz.
 REVERSED AND REMANDED.
 
 
 1
 MEMORANDUM***
 
 
 2
 Before D.W. NELSON and NORRIS Circuit Judges, and TANNER, District Judge**.
 
 
 3
 Charles Bisbee ("Bisbee") pled guilty to one count of mail fraud in violation of 18 U.S.C. Sec. 1341 and one count of bankruptcy fraud in violation of 18 U.S.C. Sec. 152. The district court imposed a prison sentence of two years on the mail fraud conviction followed by five years of supervised release, along with extensive restitution, pursuant to the Federal Sentencing Guidelines. Bisbee appeals from his conviction and sentence on the grounds that the district court abused its discretion when it denied his request to withdraw his guilty plea.
 
 
 4
 Bisbee entered a plea of guilty with the understanding that he would not serve any time in prison, he would extend 3.1 million dollars in compensation to the victims, and that he could withdraw his guilty plea at any time up to sentencing. Bisbee, his lawyers, and the government all assumed falsely that federal law was the same as Arizona state law, which gives a defendant an unconditional right to withdraw from a plea agreement at any time prior to its acceptance by the trial court. Once the judge expressed an inclination to sentence Bisbee to time in jail, Bisbee filed a motion to withdraw his guilty plea. The motion explained the mistaken assumption regarding withdrawal of a plea under federal law. In response to the district court, Bisbee stated that there were no promises made to induce him into the plea arrangement. On this ground, the district court denied Bisbee's motion. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand with instructions to the district court to allow Bisbee to withdraw his plea.
 
 
 5
 The standard of review for denial of a motion to withdraw a guilty plea is abuse of discretion. United States v. Zweber, 913 F.2d 705 (9th Cir.1990).
 
 
 6
 In Arizona state courts, the procedure of "deferred acceptance" of pleas is widely used. When a trial judge defers acceptance of the plea, criminal rules and case law entitle either side unconditionally to withdraw from the agreement at any time prior to its acceptance by the trial court. Rule 17(4), Arizona Rules of Criminal Procedure; State v. Superior Court, 160 Ariz. 71, 770 P.2d 375 (1988). The same is not true, however, under federal law. Although withdrawal of a guilty plea made before sentencing should be freely allowed (Kercheval v. United States, 274 U.S. 220 (1927); Kadwell v. United States, 315 F.2d 667 (9th Cir.1963)), there is no absolute right to withdraw a guilty plea, as a federal court's decision to allow withdrawal is discretionary. Boyden v. United States, 463 F.2d 229 (9th Cir.) cert. denied, 410 U.S. 912 (1972). Some circuits have recognized that an abuse of discretion occurs when a district court refuses to allow withdrawal of a guilty plea when that plea is based on a mistake or misapprehension. See e.g. United States v. Ptomey, 366 F.2d 759 (3rd Cir.1966). Rulings in these cases have turned upon the fundamental principle of due process that a defendant's guilty plea be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A plea is voluntary if it is entered by one who is fully aware of the direct consequences of his plea. Torrey v. Estelle, 842 F.2d 234 (9th Cir.1988). Given that Bisbee's plea was premised on the mistaken belief that he could withdraw his plea at any time, he clearly did not understand the consequences of his plea.
 
 
 7
 The government argues that although a defendant is entitled to be informed of the direct consequences of his plea, the court need not advise him of every possible collateral consequence; they argue the fact that Bisbee was not entitled to withdraw freely from his plea was a mere collateral consequence of his plea.[1] The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment. Torrey v. Estelle, 842 F.2d 234 (9th Cir.1988). Clearly, the inability automatically to withdraw one's plea is more analogous to a direct consequence than to a collateral consequence, since withdrawal of the guilty plea could have resulted in no time served, whereas refusal to allow withdrawal may--as here--result in some sanction. Because Bisbee was unaware of the direct consequences of his plea, his plea was not voluntary.
 
 
 8
 Further, under Federal Rules of Criminal Procedure, 32(d), 18 U.S.C.A., a party is entitled to withdraw from a plea for a "fair and just reason." The mistaken belief by all the parties in this case that federal law was the same as Arizona state law and the role that mistake played in Bisbee's plea arrangement constitute a fair and just reason for permitting Bisbee to withdraw from the plea.
 
 
 9
 Therefore, the district court abused its discretion in not allowing Bisbee to withdraw his plea.
 
 REVERSED AND REMANDED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack Tanner, United States District Judge for the District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Examples in case law of collateral consequences include the effect appellant's guilty plea might have on subsequent civil litigation, the possibility of revocation of parole, the possibility that a federal sentence might be ruled to run consequtively to a state sentence, and the likelihood of an undesirable military discharge. Examples of direct consequences include a mandatory special parole term, ineligibility for parole, and the maximum punishment provided by law