MORSE, Judge:
¶1 A conviction for a felony violation of a state controlled substance law can be a bar to becoming a dispensary agent under the Arizona Medical Marijuana Act ("AMMA"). In Arizona, preparatory offenses are distinct from, but defined by, a substantive offense. We consider whether a conviction for solicitation to commit possession of a dangerous drug for sale is a violation of a state controlled substance law. Affirming the superior court's judgment, we hold that it is.
FACTS AND PROCEDURAL HISTORY
¶2 In June 2009, Mark Murro pled guilty to solicitation to commit possession of a dangerous drug for sale. The court suspended sentence and imposed probation, from which Murro was discharged in November 2011. In 2010, voters enacted the AMMA, which authorizes the Department of Health Services ("DHS") to approve a person to become a dispensary agent.
*836 State v. Gear , 239 Ariz. 343, 344, ¶ 2, 372 P.3d 287, 288 (2016) ; Ariz. Rev. Stat. ("A.R.S.") § 36-2804.01. In 2017, Murro applied for a dispensary agent registry identification card. In his application, Murro stated that he had not been convicted of an "excluded felony offense," and subsequently was approved for a dispensary agent registry identification card. After a few months, DHS discovered his conviction for solicitation to commit possession of a dangerous drug for sale. DHS sent Murro a Notice of Intent to Revoke Dispensary Agent's Registry Identification Card and Notice of Right to Request Administrative Hearing. The Notice alleged that Murro was convicted of an excluded felony offense and had knowingly violated the AMMA by submitting false information in his application and acting as a dispensary agent when he was not qualified to do so.
¶3 Murro requested a hearing with an Administrative Law Judge ("ALJ"), and the ALJ upheld DHS's decision to revoke Murro's identification card. Murro appealed to the Director of DHS ("Director"), who adopted the ALJ's findings of fact and conclusions of law with minor revisions and revoked Murro's identification card. Murro appealed to the superior court, which affirmed the Director's decision. We have jurisdiction pursuant to A.R.S. §§ 12-913 and -2101(A)(1).
DISCUSSION
¶4 We will uphold the Director's decision unless it is "contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(E). Statutory interpretation is a question of law that we review de novo. Id .; see also Compassionate Care Dispensary, Inc. v. Arizona Dep't of Health Services , 244 Ariz. 205, 211, ¶ 17, 418 P.3d 978, 984 (App. 2018). "[W]hen considering the voters' intent in enacting the AMMA, our task is to apply the law they have written." Parsons v. Arizona Dep't of Health Services , 242 Ariz. 320, 324, ¶ 15, 395 P.3d 709, 713 (App. 2017) (internal quotation marks omitted).
¶5 A person convicted of an "excluded felony offense" is barred from becoming a medical marijuana dispensary agent under the AMMA, and DHS must revoke the identification card of a dispensary agent who is convicted of an excluded felony offense. A.R.S. §§ 36-2804.01(D), -2815(A). An excluded felony offense includes a felony "violation of a state or federal controlled substance law," with certain exceptions that do not apply here.[1] A.R.S. § 36-2801(7)(b). The question is whether solicitation to commit possession of a dangerous drug for sale is a "violation of a state ... controlled substance law."
¶6 Solicitation, like Arizona's other inchoate offenses, does not inherently deal with any particular subject matter. See A.R.S. §§ 13-1001 (attempt); 13-1002 (solicitation); 13-1003 (conspiracy); 13-1004 (facilitation). Instead, solicitation is defined by the underlying offense, such that the elements of solicitation require proof that a person acted "with the intent to promote or facilitate the commission" of the underlying offense, and the classification of the underlying offense determines the classification of the solicitation offense. A.R.S. § 13-1002(A), (B). Because the crime of solicitation does not exist without incorporating other laws, solicitation is a law whose character or type depends wholly on the underlying substantive offense.
¶7 For that reason, the law which Murro violated-solicitation to commit possession of a dangerous drug for sale-is a controlled substance law. Its status as an inchoate crime does not change the subject matter of the law that was violated, and Murro's conviction was for an "excluded felony offense" as defined in A.R.S. § 36-2801.
¶8 Murro urges us to distinguish between completed and inchoate offenses. He argues that "solicitation" is part of a separate class of crimes, and therefore cannot be a controlled substance law. As support, he cites the general proposition that "[p]reparatory offenses are separate and distinct from substantive offenses."
*837 State v. Tellez , 165 Ariz. 381, 383, 799 P.2d 1, 3 (App. 1989). In Tellez , however, the only question before the court was whether solicitation was "a violation of any provision of this section." 165 Ariz. at 382-83, 799 P.2d at 2-3 ; A.R.S. § 13-3408 (prohibiting knowing possession, use, or manufacture of a narcotic drug). And Tellez only held that solicitation was not a violation of A.R.S. § 13-3408 because it was not one of the specific offenses listed in that section. Tellez , 165 Ariz. at 382-83, 799 P.2d at 2-3.
¶9 The statutory language at issue in this case does not support the conclusion that solicitation cannot be a controlled substance law. In contrast to Tellez , the relevant definition of "excluded felony offense" does not reference a specific statute, section, or chapter of the Arizona statutes and refers much more generally to the broad category of any "controlled substance law." A.R.S. § 36-2801(7). The separate and distinct nature of a solicitation offense does not change our conclusion that solicitation to commit possession of a dangerous drug for sale is a violation of a controlled substance law.
¶10 Murro also cites Coronado-Durazo v. I.N.S. , 123 F.3d 1322 (9th Cir. 1997). But unlike here, the federal statute at issue in that case provided "that any alien who is convicted of 'a violation of (or a conspiracy or attempt to violate) any law or regulation ... relating to a controlled substance' may be deported." Id. at 1324 (alteration in original) (quoting 8 U.S.C. § 1251(a)(2)(B)(i) ). The court cited Tellez for the proposition that "solicitation is a generic offense under Arizona law," and noted that the language in the statute's parenthetical "limits convictions for generic crimes that may result in deportation to conspiracy and attempt. Simply put, solicitation is not on the list." Id. at 1325 (citing Tellez , 165 Ariz. at 383, 799 P.2d at 3 ). Because the statute expressly included only conspiracy and attempt, the court found that "the plain language" of the federal statute did not extend to other inchoate offenses such as solicitation. Id.
¶11 Even if Coronado-Durazo correctly interprets federal law,[2] its analysis is inapplicable to this case. Unlike the federal statute at issue in Coronado-Durazo , Arizona statute does not define "excluded felony offense" to include or exclude generic offenses, but includes any violation of federal or state "controlled substance law." A.R.S. § 36-2801(7). Because solicitation is defined by reference to the subject matter of the underlying offense, the crime of solicitation to commit a controlled substance offense is a violation of a controlled substance law.
¶12 Murro also argues that the superior court erred in finding that he knowingly violated the AMMA because he "did not have a conviction for an excluded felony offense at [the] time that he applied to be a dispensary agent or while he worked as a dispensary agent." Because his conviction was for an excluded felony offense, we reject this argument.
CONCLUSION
¶13 Because solicitation to commit possession of a dangerous drug for sale is a violation of Arizona's controlled substance law, Murro was convicted of an excluded felony offense. We therefore affirm the superior court's judgment.

The exceptions are offenses whose sentence was completed ten or more years earlier and offenses that would be immune under A.R.S. § 36-2811, had it been effective at the time of the offense. A.R.S. § 36-2801(7)(b).

But see Peters v. Ashcroft , 383 F.3d 302, 306-08 (5th Cir. 2004) (disagreeing with Coronado-Durazo's analysis and holding that an Arizona conviction for solicitation to transport marijuana for sale "on its face constitutes a violation of a law 'relating to a controlled substance' "); Mizrahi v. Gonzales , 492 F.3d 156, 163 (2d Cir. 2007) (following Peters and holding that solicitation to commit a drug crime was a deportable offense under federal law).