NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BORISLAV NIKOLOV ZAPRIANOV,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-72930<br><br>Agency No. A046-320-206<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 15, 2019
Pasadena, California

Before: WARDLAW and COLLINS, Circuit Judges, and SETTLE,** District Judge.

Borislav Zaprianov petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his request for a continuance of the proceeding and his application for cancellation of removal. We have jurisdiction under section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. We deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Zaprianov is a native and citizen of Bulgaria. In March 2000, Zaprianov pleaded guilty in Arizona state court to solicitation to commit fraudulent schemes and artifices, "committed on or between 8/12/94 and 8/17/94," in violation of Arizona Revised Statutes §§ 13-1002 and 13-2310. He was sentenced to three years of probation and was ordered to pay $10,127.56 in restitution. In March 2003, Zaprianov was convicted in California state court of corporal injury to a spouse/cohabitant, in violation of California Penal Code § 273.5. In July 2008, the Government commenced removal proceedings against Zaprianov based on his conviction for domestic violence. In response, Zaprianov sought cancellation of removal, which the Government opposed arguing that Zaprianov's Arizona conviction constituted an "aggravated felony" that rendered him ineligible for cancellation.

During the proceedings, the IJ granted Zaprianov multiple continuances to research or resolve issues relating to the Arizona conviction. In March 2014, Zaprianov filed an application in Arizona state court to vacate his conviction pursuant to Arizona Revised Statutes §§ 13-905–13-912. Two months later, the IJ denied Zaprianov's request for an additional continuance pending resolution of Zaprianov's application in Arizona state court. The IJ then concluded that Zaprianov's prior conviction was for an "aggravated felony," denied his application for cancellation of removal, and ordered him removed. Shortly

thereafter, the Arizona court granted Zaprianov's application to vacate his conviction. Zaprianov appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal.

1. The BIA did not err in affirming the IJ's decision to deny an additional continuance. Zaprianov's application in Arizona state court invoked Arizona Revised Statutes §§ 13-905–13-912, which authorized the sentencing court to grant relief "on fulfillment of the conditions of probation or sentence and discharge by the court." ARIZ. REV. STAT. § 13-907(A) (2014) (later renumbered as § 13-905). In *Poblete Mendoza v. Holder*, we held that vacatur under § 13-907 "was for rehabilitative purposes and therefore, the government could use this conviction in [a] subsequent removal proceeding." 606 F.3d 1137, 1142 (9th Cir. 2010). Thus, because the outcome of the state court application was irrelevant for immigration purposes, the IJ did not abuse his discretion in denying Zaprianov's request for a continuance.

2. The BIA did not err in concluding that Zaprianov's Arizona conviction was an "aggravated felony" because it was an offense "[1] involv[ing] fraud or deceit [2] in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i).

a. In determining whether a conviction "involves fraud or deceit," we apply a "categorical approach," under which "we look not to the facts of the particular

3

prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (citations and internal quotation marks omitted). That is, "a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." *Id*. (citation, internal quotation marks, and alteration marks omitted).

Here, Zaprianov was convicted of solicitation to commit fraudulent schemes and artifices in violation of Arizona Revised Statutes §§ 13-1002 and 13-2310. Section 13-1002 provides that a person "commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor." ARIZ. REV. STAT. § 13-1002(A). Zaprianov solicited a crime in violation of § 13-2310, which punishes "[a]ny person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions." ARIZ. REV. STAT. § 13-2310(A). "Because the crime of solicitation does not exist without incorporating other laws, solicitation is a law whose character or type depends wholly on the underlying substantive offense." *Murro v. Ariz. Dep't of Health Servs.*, 442 P.3d 834, 836 (Ariz. Ct. App.

4

2019); *see also Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007) (crime of solicitation under Arizona law requires consideration of the "underlying crimes" solicited).  Thus, solicitation to violate Arizona Revised Statute § 13-2310 necessarily involves both "a scheme or artifice to defraud" and "false or fraudulent pretenses, representations, promises or material omissions."  ARIZ. REV. STAT. § 13-2310(A).  To convict Zaprianov, Arizona was required to prove that he "command[ed], encourage[d], request[d] or solicit[ed] another person to engage in specific conduct which would constitute" that felony.  ARIZ. REV. STAT. § 13-1002(A).  The crime, therefore, "necessarily entail[ed] fraudulent or deceitful conduct" and is an "aggravated felony."  *Moncrieffe*, 569 U.S. at 190; *see also Kawashima v. Holder*, 565 U.S. 478, 484 (2012) ("We conclude that Mrs. Kawashima's conviction establishes that, by knowingly and willfully assisting her husband's filing of a materially false tax return, Mrs. Kawashima also committed a felony that involved 'deceit.'").[1]

---

[1] Zaprianov's reliance upon *Coronado-Durazo v. I.N.S.*, 123 F.3d 1322 (9th Cir. 1997), and *Leyva-Licea v. I.N.S.*, 187 F.3d 1147 (9th Cir. 1999), is unavailing because the statutes addressed in those cases specifically listed the inchoate crimes of attempt and conspiracy.  Here, the applicable definition of "aggravated felony" contains no such comparable language excluding solicitation offenses.  8 U.S.C. § 1101(a)(43)(M)(i).  Similarly, we have rejected Zaprianov's other argument that the language of subsection (U) somehow "exclude[s] solicitation from the definition of an aggravated felony under the subsections that come before, § 1101(a)(43)(A)-(T)."  *Prakash v. Holder*, 579 F.3d 1033, 1038 (9th Cir. 2009). Zaprianov's conviction qualifies as an aggravated felony under one such subsection—subsection (M)(i)—and "[o]ne is enough."  *Id.* at 1039.

b.  Zaprianov's Arizona conviction also involved "loss to the victim or victims exceed[ing] $10,000."  8 U.S.C. § 1101(a)(43)(M)(i).  Under *Nijhawan v. Holder*, this clause of the statute is *not* subject to the categorical approach.  557 U.S. 29, 41 (2009).  Here, the judgment in Zaprianov's case ordered him to pay "restitution" of $10,127.56 for "economic loss of the victim(s)."  "In the absence of any conflicting evidence," this determination in the "restitution order" provides sufficient clear and convincing evidence that Zaprianov caused more than $10,000 of loss.  *See id*. at 42–43.

**PETITION DENIED.**